MELVIN *v.* MELVIN.

Sexual abuse may be shown by the testimony of the libellant when it tends to prove treatment which is a cause of divorce. Such testimony is not excluded upon grounds of public policy or decency, when necessary for the purposes of justice.

Evidence of conduct which had ceased before the filing of the libel is admissible, if it tends to characterize or explain other conduct of the libellee, alleged as a ground of divorce.

LIBEL for divorce, alleging extreme cruelty, and treatment endangering reason and seriously injuring health. Particular instances of cruelty and treatment were set forth, and, among other things, excessive sexual intercourse, testified to by the libellant. The referee, to whom the cause was committed, reported that the parties ceased to have sexual intercourse three years prior to the filing of the libel,

although residing together. The libellee contended that no cause existed by reason of such intercourse at the time of filing the libel. The referee reported, that while in his opinion the evidence as to cessation of intercourse was materially favorable to the libellee, it did not preclude him from weighing with the other evidence the testimony as to sexual abuses, which when they occurred tended to prove extreme cruelty and injury to health. In coming to the result that the libellant was entitled to a decree of divorce for the causes alleged, he intended to give due weight to all the evidence in the case, and did not consider what his conclusion might be if the evidence excepted to were wholly laid out of the case. The court decreed a divorce, and the libellee excepted.

*Eastman* and *Cross,* for the libellee.

*Briggs & Huse,* for the libellant.

SMITH, J. It has been held that the testimony of the husband or wife to prove non-access, though living together, and therefore that the offspring is spurious, is incompetent upon the ground of decency, morality, and policy. 1 Greenl. Ev., s. 253. The authorities which support this rule are cases in which the legitimacy of children was drawn in question. The disastrous consequences that would follow the unsettling of titles to property, and the branding of legitimate children as illegitimate, have been regarded as sufficient reasons for the rule. But the mere indecency of disclosures does not in general suffice to exclude them where the evidence is necessary for the purposes of civil or criminal justice. 1 Greenl. Ev., s. 253; *Goodright* v. *Moss,* 2 Cowp. 591, 594; *Parker* v. *Way,* 15 N. H. 45; *Chamberlain* v. *The People,* 23 N. Y. 85, 88; *Rex* v. *Kea,* 11 East 132; *Rex* v. *Sourton,* 5 A. & E. 180; *Commonwealth* v. *Shepherd,* 6 Binn. 283. The rule does not mean that testimony of non-access is so obscene that it is against decency that it should be heard in court, and therefore is excluded, but the reason of it is that it is against sound public policy and morality to allow the husband and wife to bastardize their own issue. If the evidence were excluded because of its indecency, the same reason would exclude it when offered by other witnesses, and would prevent the wife from proving her adulterous intercourse with a third person for the purpose of procuring an order of affiliation. *Parker* v. *Way,* 15 N. H. 45; *Rex* v. *Luffe,* 8 East 193, 203.

The evidence of the libellant was not within the reason of the rule. In some authorities another reason is given why non-access cannot be proved by the testimony of the husband or wife,—the principle of public policy, which prohibits the wife from being examined against the husband in any matter which affects his character or interest, unless in cases of necessity. 2 Stark. Ev. 223. This reason is broad enough to exclude the evidence objected to, unless it is within the exception. In cases of personal violence committed by the husband

on the wife, she may make complaint and sustain it on trial as a witness—*Morris* v. *Palmer*, 39 N. H. 123, 126, and authorities cited; and generally, where the wife is the injured person complaining of cruel treatment by her husband. 2 Kent Com. 179, note *a; People* v. *Mercein*, 8 Paige 46. Prior to the passage of our statute making the husband and wife witnesses for and against each other in all cases civil and criminal, it was the uniform practice to admit both parties as witnesses in divorce cases, in the same manner as they have been since. This was done on the ground of necessity. The aid of the testimony of the parties to the court in judging of their troubles and the cause of the same was so important, that it was a necessity that they should testify; and hence the testimony came within the exception to the rule. There was no limitation to this practice when the causes assigned for a divorce were impotency, adultery, or refusal to cohabit. In all these instances the parties were witnesses in chief. In such causes the common law rule, excluding the wife from being a witness where the character or interest of her husband was involved, needed to be applied more than in any other case, if it was to be applied to any divorce case.

In this case the causes assigned are extreme cruelty, and treatment such as seriously injured health and endangered reason; and the wife is a competent witness to testify to the cruel treatment which she received, whatever it may have been, both under the admitted practice in this state, and as coming within the exception of necessity to the ancient common law rule. Such evidence will not be excluded if the ends of justice will best be subserved by receiving it. 2 Bishop on Mar. and Div., s. 287; *Abernathy* v. *Abernathy*, 8 Fla. 243, 259; *Da Costa* v. *Jones*, 2 Cowp. 729, 734. Humanity demands that such complaints be heard. The wife protecting her life from the ungoverned lust of her husband by seeking a divorce, presents as strong a case of relief under the law as when she flees from his intolerable cruelty inflicted by brute force. Neither public policy nor morality requires the exclusion of her testimony, if such exclusion would protect him in impairing her health or endangering her life by degrees, whether the result is accomplished by the brutal gratification of his lustful passions, the continued infliction of physical force, or the administering of slow poisons.

It is further objected, that this evidence is inadmissible because the conduct which it proves had ceased and was not a cause for divorce at the time the libel was filed. The charge in the libel is not based upon the evidence excepted to; but the evidence has some tendency to characterize the libelee's other acts of cruelty and injurious treatment which had not ceased. The testimony is competent, not because it once was a cause of divorce, but because, as cruelty of one kind at one time, it corroborates evidence of cruelty of other kinds at a subsequent time. The history of the entire married life of the parties may be material. The evidence is not confined to cruelty of one kind. It may have been in different years and of different kinds. The ques-

tion is, Did the cause alleged exist at the filing of the libel? The case shows that it did.

*Exceptions overruled.*

STANLEY, J., did not sit: the others concurred.