[Merrimack, March, 1891.]

## LANG *v.* GAGE.

ASSUMPSIT, on a promissory note signed by the defendant and payable to the plaintiff on demand. Plea, the general issue and a brief statement of the statute of limitations. Upon trial of the case after the decision reported 65 N. H. 173, the plaintiff testified to statements of the defendant to her, acknowledging the debt and assuring her of its payment. The following special questions were submitted to the jury, who with their answers returned a general verdict for the plaintiff: Has the defendant, in words, expressly

promised to pay the plaintiff within six years before September 14, 1888, the date of the writ, or acknowledged his liability? Ans. Yes. Was the payment and endorsement of January 9, 1883, made by the defendant as an individual, or as an officer of the bank? Ans. Individual. Was said payment made from the defendant's money, or from money of the bank? Ans. Defendant's. Were the defendant's conduct and representations, in connection with or preceding the making of the payments endorsed in his handwriting upon the note, such as to cause the plaintiff to believe that he made such payments voluntarily of his own money, and in recognition of his liability on the note, and was the plaintiff misled thereby and caused to change her position? Ans. Yes. The defendant's motions for a nonsuit and to set aside the verdict because not supported by any evidence were denied, and the defendant excepted.

*Leach & Stevens* and *F. N. Parsons*, for the plaintiff.

*J. M. Mitchell*, for the defendant.

BLODGETT, J. 1. The motions (1) for a nonsuit, and (2) to set aside the verdict because it was not supported by any evidence, were properly denied. Aside from competent evidence from other sources tending more or less strongly to establish the defendant's liability upon the note in suit, there was direct testimony that he promised the plaintiff she should have all there was due on the note; that he would pay her everything the principals owed her; and that the endorsements made by him were from his own money which he had put into the savings-bank. This testimony afforded competent evidence of the defendant's unequivocal acknowledgment of the debt as well as of his willingness and unqualified promise to pay it, and was amply sufficient to justify the submission of the case to the jury.

2. The letters of January 29, 1880, and March 18, 1881, were properly admitted. The defendant's acknowledgment of the debt therein contained tended to establish the plaintiff's contention that he subsequently acknowledged the same debt.

3. The defendant's objection in argument, that the last special finding of the jury is not supported by any evidence, if well founded, is immaterial. If a negative instead of an affirmative answer had been returned by the jury to the question submitted to them, it could not have affected the result. Their preceding findings are conclusive of the plaintiff's right to a recovery.

*Exceptions overruled.*

ALLEN, J., did not sit: the others concurred.