Rockingham, }
June, 1897.  }

WARNER v. WARNER.

In a proceeding for divorce on the ground of adultery, evidence of the general reputation of the libelee for virtue and chastity is admissible.

LIBEL FOR DIVORCE, charging adultery.   Subject to the plaintiff's exception, the defendant was permitted to introduce testimony relating to her general reputation for virtue and chastity.

*Eastman, Young & O'Neill,* for the plaintiff.

*J. Warren Towle* and *John S. H. Frink,* for the defendant.

CARPENTER, C. J. Libels for divorce are, and until the legislature otherwise provides must be, tried by the court. Const., *art.* 76 (now *art.* 75); *Sheafe* v. *Sheafe,* 24 N. H. 564, 567. " The jurisdiction in cases of divorce *a vinculo matrimonii* is unknown to the common law, . . . and is exercised in modes unknown to the common law." *Brown* v. *Brown,* 37 N. H. 536, 537. In the trial the court has never been governed by strict rules of evidence or practice, and has always exercised a broad discretion, as well in the admission of evidence as in other respects. *Sheafe* v. *Sheafe,* 24 N. H. 564, 568. This doubtless is one reason for the fact that only two or three of the numerous reported cases relate to the competency of evidence. Although by the common law and until the act of 1857 (Laws 1857, *c.* 1952) a party to a civil action could not testify, the testimony of the parties in divorce cases was always received. *Poor* v. *Poor,* 8 N. H. 307, 310, 314; *Quincy* v. *Quincy,* 10 N. H. 272, 274-277; *Smith* v. *Smith,* 12 N. H. 80, 81; *Kimball* v. *Kimball,* 13 N. H. 222, 224, 225; *Masten* v. *Masten,* 15 N. H. 159, 161; *Corson* v. *Corson,* 44 N. H. 587, 588; *Melvin* v. *Melvin,* 58 N. H. 569, 571. The necessity for the testimony of the parties in order to secure the administration of justice between them was no greater than in many common-law actions. It warranted the judicial abrogation of the established rules of evidence no more in one case than in the other. The testimony was received, not merely because it was necessary, as in many cases it was not, but on the ground that the court was not bound under the statute by the strict rules of evidence. The anomaly is otherwise unaccountable. So, although at common law evidence in support of the credibility of a witness is not competent until his reputation for truthfulness is attacked, yet in divorce cases it has been the uniform practice of the court not only to admit, but in some cases to require, testimony that the witness, especially if a party, is worthy of belief. *Kimball* v. *Kimball,* 13 N. H. 222, 225. With nearly the same uniformity, it is believed, the court in cases where there is not a clear preponderance of testimony has received evidence of the party's general character relative to the charge against him. In general it may be said that the court has always received any evidence which in its judgment may properly and reasonably instruct its conscience. The limits of this broad discretion need not now be defined. The reception or the rejection of evidence of character in divorce causes is not legal error.

The common-law doctrine, established by a great weight of

authority, that while proof of an unblemished character has a legitimate tendency to show that a defendant in an indictment is not guilty of the offence charged it has no such tendency upon the same issue in a civil action, is not here involved; and the question whether it can on principle be defended (2 Stark. Ev. 367) is not considered.

*Exception overruled.*

BLODGETT, J., did not sit : the others concurred.