HELEN B. DUBREUIL *v.* ANTOINE J. DUBREUIL.

*Robert W. Upton, John H. Sanders* and *Matthew J. Ryan (Messrs. Sanders* and *Ryan* orally), for the libelant.

*Fred A. Jones,* for the libelee, furnished no brief.

*Per Curiam.* Questions of the sufficiency of the evidence have been waived by the failure of the libelee to file a brief or make any manner of suggestion. Nevertheless we have satisfied ourselves that all the material findings objected to were amply sustained by the testimony, provided it be conceded, as it must be, that the trier of the fact may determine which of conflicting testimony is credible, that he may report facts disclosed by a view, and that he may draw inferences as to human feelings and motives after hearing the witness testify. The two instances, of the thirty-two specific findings complained of, in which there is any least difficulty in discovering supporting evidence, concern facts that are wholly immaterial to the merits of the case. See *Lang* v. *Gage,* 66 N. H. 624. In general the libelee's complaint seems to be that the master refused to give credit to him and his witnesses. The exceptions addressed to the sufficiency of the evidence have no standing, even if not waived.

The testimony of Mrs. Dubreuil that on the night of October 21, 1940, her husband assaulted her in such manner as to bruise her breast and cause a cyst, and also to injure her arm by shutting a door against it, was supported by witnesses. The marks on the arm were seen by some of them; a physician testified as to the cyst and expressed the opinion that it was caused by the assault and that it required surgical treatment. There were findings of cruel treatment on earlier occasions. Even if this earlier cruelty were condoned, that of October 21 findably never was; the libelant immediately left the libelee and has since lived wholly separate. *Paille* v. *Paille,* 91 N. H. 249, 252. The master was amply justified in believing that the charges of libelant's misconduct were trumped up.

16

The libelee's counsel, at a preliminary stage of the transfer, pointed out to us in writing a number of exceptions to the admission of evidence. Though they have not been briefed or argued, and must be taken as waived, we consider them, in order that it may appear that this case has not been disposed of in any accidental fashion.

The libelee and four of his witnesses testified to having seen certain actions of the libelant and Ryan. The master found their story to be incredible. The story lacked inherent probability, and was further discredited by considerable testimony. As to the incident involved, and even as to the whole case, the libelee stood or fell upon the credit or discredit of himself and his witnesses. In this situation a wide field of cross-examination was opened.

One of the four witnesses mentioned was one McGee. After the divorce libel was filed, McGee signed and swore to a long affidavit whose caption indicated that it was for use in this case and also in civil cases by the libelee against Ryan and Sheridan. Involved in the divorce case and one of the civil suits against Ryan was the alleged misconduct of the libelant with Ryan, and the affidavit in question covered a specific incident concerning which McGee testified on direct examination at the hearing before the master. The libelant's attorney attempted properly to examine McGee concerning a prior statement made by him about the incident. McGee seemed not to know what was meant. His mind was then directed to the taking of his deposition, and he was asked whether he remembered having seen the affidavit in question when the deposition was taken. It was objected that the deposition was taken in the civil suits. The objection was properly overruled, since it made no difference in what proceeding, if any, the witness had identified his affidavit; it was proper to refresh his recollection concerning his prior recognition of the affidavit. Wig. Ev. (3d ed.), s. 761.

McGee having finally, in this manner, identified his own affidavit, he was asked, subject to exception, to read the affidavit in part and tell what it meant to him. The libelant took the position that the story told by McGee was one manufactured by others. The line of examination was therefore proper.

Similarly it was proper to cross-examine another witness, Mrs. McGee, by means of her deposition taken in the civil case. An attempt to contradict does not depend for success upon showing that the contradictory statement was made in the same proceeding. Materiality for contradiction depends wholly upon the character of the statement with which the witness is confronted, not upon

the time or occasion for the statement. Wig. Ev. (3d *ed.*), *s.* 1040.

While the libelee was under cross-examination, libelant's attorney called for the production of the affidavit of a third witness, one Dion. Libelee's attorney voluntarily produced a copy, then excepted to its marking for identification. The purpose of its use was proper—to examine the libelee concerning his alleged share in the preparation of the affidavit.

Office copies of letters from Ryan to Mrs. Dubreuil on January 22 and 23, 1941, were produced and identified by Ryan. Loss of the original letters was suggested and their destruction proved. The copies were admitted. They were not offered as proofs of any fact stated in letters, but only to enable Ryan to state that he would not have written to the libelant on those dates had she been at his office on January 22, as alleged by the libelee and his four witnesses. The identification of an enclosure in the letter of the 23rd, intended only to support the genuineness of the letter, was proper.

The evidence admitted did not transgress the liberal rules in vogue in proceedings for divorce. *Carpenter* v. *Carpenter*, 78 N. H. 440, 455; *Warner* v. *Warner*, 69 N. H. 137, 138.

*Exceptions overruled.*

BRANCH, J., did not sit.