BURNS *v.* MADIGAN, *Ex'r.*

A person voluntarily furnishing support to an orphan child, and having no contract with its deceased parent nor with the executor for its support, cannot recover of the executor for the same.

Where one party is an executor not electing to testify, ordinarily the adverse party will not be permitted to testify to matters to which the deceased, if living, might testify.

ASSUMPSIT, for the support of the plaintiff's infant grandchild, being the child of the defendant and his deceased wife, who was daughter of the plaintiff, and of whose will the defendant was executor. By the will, the plaintiff and the defendant each took one half the income of the estate for life, remainders in fee to the child. After the death of the child's mother it lived with the plaintiff, and she supported it. There was no evidence of any contract with the deceased, nor with the defendant, for the support of the child, nor evidence from which a contract could be inferred. The defendant objected to the plaintiff's testifying; and it not appearing that injustice would be done, her testimony was excluded. A referee found the facts, and that the plaintiff could not recover.

*Marston & Eastman*, for the plaintiff.

*A. R. Hatch* and *J. Hatch*, for the defendant.

ALLEN, J. Without a contract, express or to be inferred, the plaintiff cannot recover. *Kelley* v. *Davis*, 49 N. H. 187, 189; *Bundy* v. *Hyde*, 50 N. N. 116; *Cook* v. *Bennett*, 51 N. H. 85, 93.

Without the consent of the defendant, the plaintiff could not be permitted to testify, except upon matters to which the testatrix, if living, could not testify. *Chandler* v. *Davis*, 47 N. H. 462; *Harvey* v. *Hilliard*, 47 N. H. 551; *Fosgate* v. *Thompson*, 54 N. H. 455; *Hoit* v. *Russell*, 56 N. H. 559. It does not appear that the plaintiff offered to testify to matters arising subsequent to the death of the testatrix; and no injustice appearing to be done without the plaintiff's testimony, there was no error in its exclusion.

*Judgment on the report for the defendant.*

CLARK, J., did not sit: the others concurred.