### PERKINS v. GRAFTON COUNTY.

When a prisoner is removed from a jail in one county to a jail in another county, under Gen. Laws, c. 285, s. 10, it is the duty of the jailer of the latter jail to provide necessary attendance upon the prisoner, and to make his claim therefor directly to the commissioners of the first county.

To avoid circuity, a physician may in such case, if not paid by the jailer, present his claim directly to the commissioners.

A physician's claim for such attendance is not affected by his contract with the second county to attend for a stipulated sum all persons chargeable to that county.

CLAIM, for medical attendance upon Frank C. Almy, while confined in the Hillsborough county jail awaiting trial for the crime of murder committed in Grafton county. Facts found by the court. The prisoner was removed to this jail from the Grafton county jail, under Gen. Laws, c. 285, s. 10. There was an agreement between the plaintiff and one of the commissioners of Hillsborough county, covering the period in which the attendance was rendered, as follows: "This is to certify that I have this day agreed with John F. Clough, one of the commissioners of the county of Hillsborough, that for the sum of three hundred dollars per year I will furnish to all who by reason of sickness or accident may need the services of a physician all the medicine and medical attendance necessary for the comfort of all who are chargeable to the said county, including the inmates at the county jail and the Ladies' Aid Hospital in said Manchester." The plaintiff claimed that this contract did not cover his attendance upon Almy.

*Sulloway & Topliff*, for the plaintiff.

*William H. Mitchell, solicitor*, for the defendants.

CHASE, J. "Every jailer shall provide each prisoner in his custody with necessary sustenance, clothing, bedding, fuel, and medical attendance." G. L., c. 285, s. 4. If he fails to do so, or

if he defrauds the prisoner of anything for which he charges the county, he is liable to a forfeiture of twenty dollars, to be recovered by any one who will sue for it (s. 5). In performing the duty he acts as a public officer, and not as agent or servant of the county (s. 3). De Courcey's Petition, 22 N. H. 368, 369. The commissioners are required to allow him, out of the county treasury, reasonable compensation for the support furnished to prisoners confined on criminal process (s. 4), upon the presentment of his claim accompanied by proper vouchers and supported by evidence that it is just and true (c. 25, s. 9). When such a prisoner is removed from a jail in the county in which he is committed to a jail of another county, under c. 285, s. 10, the expenses of his removal and maintenance are chargeable to the county from which he is removed (s. 11). By virtue of these provisions it was the duty of the jailer of Hillsborough county to provide necessary medical attendance for Almy while in his custody, and Grafton county is chargeable with the reasonable expense of such attendance. The commissioners of Hillsborough county were not authorized to direct the jailer whom he should employ, or to dictate the terms of employment, and it was not their duty to audit his claim for reimbursement. His claim is against Grafton county directly, and not through the agency of Hillsborough county or any of its officers. These circumstances render it evident that Almy was not chargeable to Hillsborough county within the meaning of the term as used in the plaintiff's contract with one of the commissioners of that county, and consequently that medical attendance upon him was not provided for by the contract. The plaintiff has a claim against the jailer of Hillsborough county for his attendance upon Almy, and upon its payment the jailer will be entitled to reimbursement from the treasury of Grafton county. Instead of this circuitous method of adjusting the claim, it may be presented by the plaintiff directly to the commissioners of Grafton county, and be adjusted by them without the intervention of the jailer. Slotts v. Rockingham County, 53 N. H. 598.

*Case discharged.*

SMITH, J., did not sit: DOE, C. J., and CARPENTER, J., dissented: the others concurred.