Rockingham,  }
June 29, 1918. }

## STATE *v.* ARTHUR BYRON.

The father of a bastard is not liable to indictment upon Laws 1913, c. 57, s. 1 for its non-support, if he is under no legal duty to furnish support under an order of court rendered in a proceeding for bastardy.

INDICTMENT, for non-support of respondent's illegitimate child. The question whether the prosecution can be sustained when no proceedings have been taken against the respondent under the bastardy act was transferred in advance of trial by *Allen*, J., without a ruling, from the January term, 1918, of the superior court.

*William H. Sleeper*, solicitor, for the state.

*Scammon & Gardner*, for the respondent.

WALKER, J. The statute upon which the prosecution is based (Laws 1913, c. 57, s. 1) is as follows: "Any person who shall, without cause, desert or wilfully neglect or refuse to provide for the support and maintenance of his wife in destitute or necessitous circumstances, or any person who shall without lawful excuse desert or wilfully neglect or refuse to provide for the support and maintenance of his or her legitimate or illegitimate minor child or children under the age of sixteen years in destitute or necessitous circumstances shall be guilty of a crime and on conviction thereof shall be pun-

ished by fine not exceeding three hundred dollars ($300) or imprisonment for a term not exceeding fifteen months, or both such fine and imprisonment in the discretion of the court." The respondent claims that as he has not been adjudged guilty under the bastardy statute (P. S., *c.* 87, *s.* 1), and ordered to contribute toward the support of the child, he cannot be found guilty of deserting or neglecting or refusing to support the child, under the statute quoted. That the father of a bastard is not entitled to the custody or the services of the child and is not chargeable with its support in the absence of a statute or contract giving him the right to the custody or imposing upon him the duty of support, cannot be seriously controverted. *Hudson* v. *Hills,* 8 N. H. 417; *Kelley* v. *Davis,* 49 N. H. 187; *Plymouth* v. *Haverhill,* 69 N. H. 400, 401; *Friesner* v. *Symonds,* 46 N. J. Eq. 521, 527; 7 C. J. 955. But by *s.* 4 of the act for the maintenance of bastard children (P. S., *c.* 87) he may be ordered, upon proceedings brought for the purpose, to pay a reasonable sum to the mother or to the selectmen of the town liable for the maintenance of the child, to be applied for such maintenance. A statutory duty is thus imposed upon him, under the order of the court, to support his illegitimate child. *Brown* v. *Mansur,* 64 N. H. 39, 40. It is unreasonable to assume that the legislature of 1913 intended to create another and independent statutory duty of support. One purpose of the statute was to make it a crime for a person to fail to support his or her illegitimate minor child under the age of sixteen years who may be in destitute circumstances, when such person is under a legal duty to care for the child, or when in the language of the statute no "lawful excuse" exists for the parent's neglect. Clearly it would be a "lawful excuse," if it appeared in a given case that the respondent, though he might be the natural parent of the child, was under no legal duty to furnish it with adequate support. It was not the legislative intention to impose a new and independent duty upon the fathers of illegitimate children, but to recognize and enforce such duties of maintenance as already existed. If, for instance, the respondent in bastardy proceedings has performed the order of the court by paying to the mother certain sums of money for the support of the child, a reasonable construction of the statute would not authorize a criminal prosecution against him for neglect to support the child found to be in needy circumstances; for no such legal duty would rest upon him. When no duty of support rests upon the father the statute was not intended to apply; and in such a case no crime is committed. In the case of the father of a legitimate child

from whom the mother has obtained a divorce, custody of their child and alimony for the support of herself and child, it would seem that he would not be liable to prosecution, if the needs of the child were not provided for by the mother. Other instances might be suggested tending to show that it was the violation of an existing legal duty of the parent that the enactment of the statute was intended to prevent by declaring it to be a crime.

As, therefore, it appears that the respondent was under no legal duty either by statute or contract to support the child, of which he is alleged to be the natural father, the prosecution cannot be sustained.

*Case discharged.*

All concurred.