Hillsborough, }
June 24, 1937. }

ARTHUR S. HEALY, *Clerk of the Superior Court*

(*Julia K. McQuaid, plaintiff in interest*)

*v.*

THOMAS H. McQUAID, *& a.*

118

*Arthur B. Hayden,* for the plaintiff.

*Paul J. Doyle,* for the defendant, furnished no brief.

BRANCH, J.    Although the defendant's motion seeks only the recall of the outstanding execution, it was apparently designed to accomplish the purpose of a motion to strike off the default and arrest the judgment entered herein, and seems to have been so treated in the Superior Court.    We, accordingly, consider it upon that basis.

Neither of the so-called grounds for the motion suggests a valid reason why it should be granted.    No recognizable rule of law is invoked by the assertion that "the bond in question was a penal bond and, as such, not enforceable by a civil suit."    The context indicates that by the term "penal bond" the defendant means a bond furnished in a criminal proceeding.    As to all such undertakings, it is well settled law that "the state may proceed civilly by scire facias upon the bail bond or the recognizance, or by an action of debt to recover the penal amount thereof."    3 R. C. L. Tit., Bail and Recognizance, s. 79.    Such is the established procedure in this State.    *State* v. *Eastman,* 42 N. H. 265; *State* v. *Ricciardi,* 81 N. H. 223.    The Clerk of the Superior Court, who is the obligee named in the bond, obviously has no beneficial interest therein.    It is clear that the bond was furnished to secure the required payments to Julia K. McQuaid as custodian of the children.    The clerk is seeking its enforcement for her benefit as such custodian and she was properly named as plaintiff in interest in this action.

The second ground upon which the motion is based involves the assumption that because the defendant had been ordered to support his minor children by the terms of the divorce decree, the criminal

law could no longer be invoked to compel his performance of his legal obligation. The contention, therefore, is that the bond given by the defendant, Thomas H. McQuaid, in order to secure a suspended sentence in the criminal proceedings against him is unenforceable for the benefit of his children. There is no basis for the assumption which underlies this argument. There is nothing in the desertion statute under which the defendant was indicted (P. L., c. 379, s. 2) to indicate that its operation is suspended in cases where a divorce has been granted and the husband has been ordered to furnish support for his minor children. On the contrary, the policy of the State to permit the concurrent use of both criminal and civil process is clearly indicated in the closely related non-support statute (P. L., c. 288, ss. 14-19) which authorizes the criminal prosecution of a husband or father who neglects to maintain his wife or children (*Ib., s.* 15) and further provides as follows: "No such conviction or sentence shall in any manner affect any order for support theretofore made against the defendant" (*Ib., s.* 16). The purpose of both statutes, so far as children are concerned, is obviously the same and both had a common source in Laws of 1913, c. 57, s. 1. The conclusion is, therefore, almost irresistible that the legislative policy with reference to outstanding orders for support was the same in both instances and we have no hesitation in holding that criminal prosecutions under P. L., c. 379, s. 2 are not subject to any limitation by reason of prior divorce proceedings which do not terminate the father's duty to support his minor children. Such is the clear intimation of the opinion in *State* v. *Byron*, 79 N. H. 39.

The most significant fact which appears in the record before us is that the defendant, Thomas H. McQuaid, has consistently and wilfully defied the orders of the Superior Court with reference to the support of his minor children. The security which he gave for the performance of these orders should be made fully effective, and the motion should, therefore, be denied.

*Motion denied.*

All concurred.