The opinion of the Court was afterwards delivered by
Parsons, C. J.
The question submitted to us by the statement of facts agreed by the parties in this suit is, whether the plaintiffs can or cannot maintain their action. And it is our opinion that the action cannot be maintained.
It is agreed that the way remains now in the same state in which it was when the title of the plaintiffs to it commenced, the defendant having done nothing to alter or abridge it. The plaintiffs, therefore, cannot complain, unless the defendant has stipulated either to widen it, or to remove any obstructions then existing. In looking into the deed, we find no covenants of this kind ; the plaintiffs’ right to the way must depend wholly on the construction of that part of of the deed describing the estate conveyed. Among the bounds of the land sold, there are these words: “ then turning and running southerly by land of said M’Neil, seventy feet to a thirty feet street, then turning and running westerly by said thirty feet street fifty feet.” By these words the plaintiffs cannot <_.úim even a right of way in that street. But after the description of the close are added these words : “ with the privilege of passing in the said thirty feet street.” These words give the plaintiffs a right of way in that street, as it was then opened as a way, but cannot have the effect of a covenant by the defendant that the fixture to the ropewalk should be removed, so that the street, called a thirty feet street, should be every where thirty feet in width, or as a grant of any way, but in that street as it was then opened and used. On this construction the defendant must have judgment.