JANVRIN *v.* JANVRIN.

The rule, determining what conduct constitutes extreme cruelty as a cause of divorce, is matter of law; but whether the evidence shows such conduct, is a question of fact to be decided upon the trial.

When it does not appear that evidence was excluded upon grounds in which there was legal error, a new trial will not, for that cause, be granted.

LIBEL, for divorce; cause alleged, extreme cruelty.   The case was sent to a referee by order of court.   His commission required him, among other things, to report all matters of fact found proved, if either party should request it.   He reported, that the evidence failed to sustain the charge of extreme cruelty; that the prayer for divorce should be denied, and the libel dismissed.

There was evidence tending to show that some of the troubles between the parties might have been occasioned by the dissatisfaction of

the wife on account of the supposed meagreness of the settlement made upon her, and that in some of those troubles she may have been the aggressor; and it appearing to the referee that the ante-nuptial agreement between the parties was competent evidence to be considered upon that point, and also upon the question of alimony, he admitted the evidence, and the libellant excepted. The libellant offered to prove, that after she left the libellee he used abusive language to his daughter, and that, prior to her marriage with him, he was in the habit of quarrelling with his family. The evidence was rejected, and the libellant excepted. The plaintiff moved to recommit the report, with directions to report the facts, and for the correction of errors alleged to be apparent in the report.

*Small* and *Stickney*, for the libellant.

*Towle* and *Leavitt*, for the libellee.

SMITH, J. This case was properly before the referee for the determination of any question of fact involved. *Janvrin* v. *Janvrin*, 57 N. H. 146; *Rand* v. *Rand*, 56 N. H. 421; Laws of 1874, c. 97, s. 13. Neither party requested the referee to report the facts proved. His duty, therefore, was discharged when he reported as a fact proved and determined that the charge was not sustained. Then follows his conclusion from this finding, "that the prayer for divorce should be denied, and the libel dismissed."

The libellant claims that the determination of the question, whether or not there should be a divorce, is a judicial function which the court has no power to refer, and cannot abdicate, and of which she cannot be constitutionally deprived. But the referee has not undertaken to deny a divorce or dismiss the libel. He has reported the only conclusion which can follow from his finding as to the facts; but the court is not bound to adopt it if there is any question of law, fact, or practice raised by the report, which makes it necessary for the court to look into it. *Rand* v. *Rand*, 56 N. H. 421.

What conduct constitutes extreme cruelty, is undoubtedly a question of law, and has been so settled repeatedly. 2 Kent Com. 126; *Smith* v. *Smith*, 1 Eng. Ecc. R. 232; *French* v. *French*, 4 Mass. 588; *Harratt* v. *Harratt*, 7 N. H. 196; *Holme* v. *Holme*, 2 Eng. Ecc. R., 208; *Poor* v. *Poor*, 8 N. H. 315, 316. Extreme cruelty, as thus defined, is well understood; and when the referee reported that the evidence failed to sustain the allegations in the libel, he was not stating a finding of law, but of fact, according to the rule as thus settled.

Undoubtedly, it is within the discretion as well as the power of the judge at the trial term to recommit the report for a statement of facts proved, so that he may judge whether the finding of the referee was warranted by the facts. No question of discretion was reserved, and the only question therefore is, whether the libellant, as a matter of right, can claim to have the report recommitted for a

statement in detail of the facts proved. We think not; and there is nothing which shows any ground for recommitting the report. There is no evidence that a full hearing was not had, or that the referee has mistaken his duties. The libellant might have had the facts reported by the mere asking. Laws of 1874, *c.* 97, *s.* 13. Being disappointed in the conclusion reached by the referee, she now asks to have the report recommitted for that purpose. But that is a matter to be determined by the judge at the trial term.

The ante-nuptual agreement was admissible upon the question of alimony. If it had no bearing in any other aspect of the case, it was simply immaterial, and we do not see how its introduction tended to prejudice the case. It does not appear that the referee excluded the evidence of abusive conduct by the libellee towards other persons anterior to the marriage of the parties, or subsequent to their separation, on any ground in which there is legal error.

*Case discharged.*

DOE, C. J., did not sit.