## JENNESS *v.* JENNESS.

Single instances of neglect by one having the means to provide his wife
with the necessaries of life, or to furnish her with medical assistance,
unaccompanied by circumstances showing danger or reasonable appre-
hension of danger to her life or health, do not, as matter of law, con-
stitute extreme cruelty as a cause of divorce.

LIBEL FOR DIVORCE.   The petition charged extreme cruelty,
and specified acts which, if true, would support the charge.   A
referee reported that the libellant was not entitled to a divorce,
and at her request also reported that the libellee, being of suffi-
cient ability, failed in a few instances to make the provision for
his wife that he ought, and that upon one occasion, more than five
years previous to the libel, he neglected to procure a physician in
her sickness.   The court denied the motion of the libellant to
recommit the cause for further hearing, and dismissed the libel.
The libellant excepted.

*J. H. Hobbs*, for the libellant.

*S. B. Carter*, for the libellee.

ALLEN, J.   What conduct constitutes extreme cruelty as a
cause of divorce is matter of law.   Whether such conduct exists
is matter of fact to be proved by competent evidence.   *Janvrin* v.
*Janvrin*, 58 N. H. 144.   Isolated instances of neglect by a hus-
band having the ability to provide his wife with the necessaries of
life, or to furnish a physician in case of sickness, unaccompanied
by circumstances showing danger or apprehension of danger to her
life or health, are not, as matter of law, extreme cruelty.   Whether

the instances of neglect were such as to cause danger or a reasonable apprehension of danger to the life or health of the libellant, and prevent her from safely discharging her marital duties, was a question of fact. 1 Bish. Mar. & Div., s. 769. There having been a full hearing upon the facts before the referee, there was no error in the refusal of the court to recommit the cause for further hearing. *Janvrin* v. *Janvrin*, 58 N. H. 144, 146.

*Exceptions overruled.*

FOSTER, J., did not sit: the others concurred.