### RILEY *v.* FARNUM.

A person occupied in repairing a public highway may recover against a traveller for injuries occasioned by the latter's want of ordinary care and prudence, provided his own negligence did not contribute to his injuries.

A report of a referee will not be recommitted for special findings when it is not made to appear that the general findings will be changed thereby.

CASE, for negligence. Facts found by a referee. January 17, 1881, the plaintiff was employed by the city of Concord to clear away an accumulation of snow and ice upon a crossing upon Main street. While he was in the act of shovelling, facing southerly in a bent posture, the defendant approached from the north with a horse and sleigh, and drove against him, throwing him down and causing the injuries complained of. The accident occurred about noon, at which hour there is usually a large amount of travel at the place of the accident. The defendant was seated in a low sleigh directly behind his horse, looking straight ahead, and was on his right hand side of the centre of the street, but did not see the plaintiff until he ran against him. He was aware of the usually large amount of travel upon the street at that time of day, and was driving at a proper rate of speed, and with bells upon his horse.

The plaintiff was also aware of the usually large amount of travel upon the street at that hour, and looked northward, for the purpose of guarding against accident, about three minutes before the collision, and observing no approaching team, resumed his shovelling in the posture described. The repairs which he was making were necessary, and were required four or five times each winter. It was necessary for him to be in the posture above described. He was in the exercise of ordinary care consistent with the performance of his duty, and no negligence on his part contributed to the accident. The defendant's negligence caused the accident, and consisted in not keeping such a lookout as would have enabled him to discover the plaintiff in season to avoid driving against him.

The defendant claimed that the plaintiff was bound to use the same degree of care while laboring upon the street that a person crossing the street on foot is bound to use; that, upon the facts stated, the referee ought to find that the plaintiff did not exercise such care; that his lack of such care contributed to his injury,— and therefore that the defendant is not liable. The defendant also claimed that ordinary care on the part of the plaintiff required that he should have erected a barrier to hinder teams from travelling upon the portion of the street where he was shovelling, and that his neglect to do so contributed to his injury. So far as any question of fact is raised by this claim, the referee finds otherwise. The defendant moved for a nonsuit, which the referee denied; and the defendant excepted.

Upon the day following the accident, the defendant called upon the plaintiff and talked with him about the injury. Subject to the defendant's objection, the plaintiff was permitted to testify to the conversation.

The defendant moved to recommit the report for a further finding of facts, without a further hearing, the nature of which it is not necessary to state. The court denied the motion, and ordered judgment on the report for the plaintiff; and the defendant excepted.

*Leach & Stevens* and *S. Dana*, for the defendant.

*Ray & Walker*, *D. B. Donovan*, and *J. Y. Mugridge*, for the plaintiff.

SMITH, J. The defendant was bound to exercise ordinary care and prudence in his use of the highway as a traveller, to avoid injury to any one in the rightful use of the way. Any exercise of care and prudence less than this would be negligence, for which the defendant would be liable to any one injured thereby and not himself in fault. Whether the defendant exercised such care and prudence was a question of fact which the referee has found adversely to the defendant.

The plaintiff was lawfully employed in making repairs upon the highway, and which it was the legal duty of the city to make. If in making such repairs he observed ordinary care and prudence to avoid being injured by the passing teams of travellers, he was not guilty of contributory negligence. This also was a question of fact, which the referee has found adversely to the defendant. The degree of care and prudence which the parties were severally bound to observe was such as persons of ordinary care and prudence, or mankind in general, would have observed under the same circumstances. *Tucker* v. *Henniker*, 41 N. H. 317. What would be ordinary care and prudence depends upon a variety of circumstances, such as time, locality, amount and character of

the travel, and the condition of the highway and of the weather. Whether the plaintiff was bound to use the same degree of care, or more, or less, than a foot traveller in crossing the street, or should have erected a barrier, were not questions of law, but of fact, to be determined by the referee, and, it must be presumed, were urged upon his attention at the trial and considered by him : for it is stated in the report that he finds on both of these points, so far as they are questions of fact, in favor of the plaintiff. The motion for a nonsuit, therefore, was properly refused.

We see no objection to the admission of the conversation between the parties concerning the plaintiff's injuries, on the day following the accident. No reason is stated why the evidence was not admissible. Whatever admissions, if any, the defendant made of his own negligence, independent of any offer of compromise, were admissible, and if none were made, the testimony would seem to have been merely immaterial.

Whether the report should have been recommitted was a question of fact to be determined at the trial term, and it has not been made to appear that any useful purpose would have been accomplished by a recommittal. *Janvrin* v. *Janvrin,* 58 N. H. 144. The general finding would remain, based upon all the evidence in the case, including that upon which the additional findings would be based, that the defendant was guilty of negligence, and that the plaintiff was not in fault. If the answers to the requests not already answered should be most favorable to the defendant, they would present no legal reason for a judgment in favor of the defendant, nor would they show that the conclusion of the referee is so much against the weight of evidence that a new trial should be had.

*Exceptions overruled.*

ALLEN, J., did not sit : the others concurred.