### HOWES *v.* FISK *& a.*

A person not in fact a partner with another, is not estopped to deny it, in a suit by a third person against both for the breach of a written contract between the plaintiff and the other defendant, if the plaintiff was not induced by the defendant who denies the partnership to enter into the contract relying upon him as a principal.

ASSUMPSIT, to recover damages for the breach of a written contract executed December 2, 1889, between the defendant Fisk and the plaintiff, whereby Fisk agreed to haul 200 cords of bobbin-wood into the mill-yard of the Groveton Wood Manufacturing Company for the sum of $1.25 per cord; and the plaintiff agreed to pay that price, one half as the wood was hauled, and the balance April 15, 1890. Facts found by a referee. About three weeks after the execution of the contract, the defendant Hanson went to the plaintiff and objected to that part of the contract which postponed payment of one half the price for hauling until April. Thereupon the plaintiff and both defendants went to-

gether to one McNally who held the written contract, and it was read to them. McNally assured Hanson that the company would hold the last half of the price for hauling, and would see it paid. Hanson expressed himself satisfied, and began hauling the wood with Fisk under the contract. They subsequently abandoned the job without sufficient cause. The plaintiff understood that Fisk and Hanson began work as partners, and reasonably understood that they were jointly interested in the contract. The referee finds that there was no actual partnership between them, and that Hanson is not liable for the breach unless it shall be held upon the foregoing facts that he was in law a partner. The contract was not changed, unless as above stated, by Hanson's commencing to haul the wood.

Judgment was ordered upon the report against both defendants, and the defendant Hanson excepted.

*Drew & Jordan* and *William P. Buckley*, for Hanson.

*Jacob Benton*, *Everett Fletcher*, and *Fletcher Ladd*, for the plaintiff.

SMITH, J. The written contract was with Fisk alone. Fisk and Hanson not being partners *inter sese*, Fisk in entering into the contract acted for himself, and not for himself and Hanson jointly. They were not partners as to third persons, unless Hanson is estopped to deny that he was a principal. *Eastman* v. *Clark*, 53 N. H. 276. But there is nothing to show that the plaintiff was induced to enter into the contract relying upon Hanson as a principal.

It does not appear that he knew Hanson was to be interested with Fisk in drawing the wood until three weeks after the contract was entered into, and then, as the report finds, it "was not changed, unless, as above stated, by Hanson's commencing to haul the wood." Neither the price, the number of cords, nor the time of payment was changed. As Hanson was not in fact a principal, his interest in the contract must have been that of a sub-contractor or employé, and his objection to the provision relating to the final payment for the hauling (made, it would seem, from his uncertainty as to when or by whom he would be paid) was removed by McNally's assurance that the company would withhold one half the price until the hauling should be completed, and would see it paid. If the finding of the referee that the plaintiff reasonably understood that they were jointly interested in the contract means that he might understand they were partners, still, as the terms of the contract entered into three weeks prior to that interview were not changed, it is difficult to see how the defendant is estopped to deny that he was a partner. The finding that the plaintiff reasonably understood that the defendants

were jointly interested in the contract relates to the interview between the parties three weeks later.

*Exception sustained.*

BLODGETT, J., did not sit: the others concurred.