Belknap,
June, 1896.

## HART v. HART.

To constitute extreme cruelty as a cause of divorce there must be, as matter of law, direct bodily injury, either actual or threatened and reasonably to be apprehended.

LIBEL FOR DIVORCE, on the ground of extreme cruelty. Facts found by the court. The libel alleged personal violence; but, so far as this charge was sustained by the libelant's evidence, it appeared to have been condoned. The libel alleged, and the libelant's evidence tended to prove, that the libelee had so behaved as to wholly destroy the libelant's marital peace and happiness; that on divers occasions she had addressed him

in language both offensive and vexatious, and the use of such language toward him had been her customary and habitual practice ; that at different times she had accused him of marital infidelity and of having contracted and imparted to her a certain venereal disease, which accusations she knew were false and without foundation; that she had told him she hated him, that she wished he was dead, that she would poison him, that she would take his life. There was no allegation or evidence that the conduct complained of injured the libelant's health or endangered his reason, or that he had any fear of injury from the libelee.

At the close of the libelant's evidence, the court, on motion of the libelee, dismissed the libel on the ground that the facts proved did not, as matter of law, constitute extreme cruelty, and the libelant excepted.

*Jewell, Stone, Owen & Martin*, for the plaintiff.

*Jewett & Plummer*, for the defendant.

BLODGETT, J. To constitute extreme cruelty as a cause of divorce, there must be, as matter of law, direct bodily injury, either actual or threatened and reasonably to be apprehended. *Robinson* v. *Robinson*, 66 N. H. 600, 607, 608.

In the present case these essentials are wholly lacking. The only act of personal violence alleged is found to have been condoned, and there is no reasonable apprehension of its repetition, or of any other bodily harm. In a word, giving the most favorable construction for the plaintiff, such of the acts and conduct complained of as are open to consideration fall far short of establishing legal cruelty within the statutory meaning as construed in this jurisdiction. *Robinson* v. *Robinson, supra; Jenness* v. *Jenness*, 60 N. H. 211.

*Exception overruled.*

PARSONS, J., did not sit : the others concurred.