Coös,
Oct. 5, 1920.

### RAMUSKI MUSLOW v. CHARLES B. VARNEY COMPANY.

Where a contract for the sale of goods is entire, non-performance of a condition to pay for part thereof upon delivery is a bar to an action for failure to deliver the residue.

Estoppel by conduct cannot arise in the absence of evidence of any action taken or position changed in reliance upon the representation.

ASSUMPSIT, to recover damages for failure to deliver a carload of flour. Trial by jury and verdict for the defendant. The evidence tended to prove the following facts: As parts of a single transaction, the defendant's agent sold the plaintiff two carloads of flour, one for immediate delivery and the other to be "ordered out" by the plaintiff within 60 days. The orders were sent to the defendant, and it returned to the plaintiff two written memoranda of the transaction. These were marked "first car" and "second car," and except as to time for delivery were otherwise identical. One condition stated was that the plaintiff should pay at a certain time. He did not so pay for the first car, and failed to order out the second one within the time limited. He later called for it, and the defendant refused to make delivery. In response to a letter from the plaintiff's attorney the defendant stated that its refusal was for the reason that the plaintiff did not pay for the first car as agreed.

Subject to exception, the plaintiff's motion for a directed verdict was denied by *Allen*, J., who transferred the case from the December term, 1919, of the superior court.

*Ovide J. Coulombe* (by brief and orally), for the plaintiff.

*George F. Rich* (by brief and orally), for the defendant.

PEASLEE, J. It is admitted that there was sufficient evidence of a breach of contract by the plaintiff. He did not order out the second car within the agreed time. But it is insisted that the defence is not open here because the defendant is estopped to set it up. This claim is based upon a letter written by the defendant to counsel for the plaintiff in which another breach is stated as the cause for a refusal to deliver the second car. If this letter could be treated as the foundation for an estoppel which would bar all other defences and permit the plaintiff to recover as though they did not exist, there is no evidence in the case to show that either the plaintiff or his counsel took any action or changed any position in reliance upon the defendant's assertion. In this state of the evidence it is manifest that the plaintiff's motion for a directed verdict was properly denied. *Cobb* v. *Morrison, ante,* 74. The burden was upon the plaintiff to prove the estoppel, and if his reliance upon the letter might be inferred from his subsequently bringing suit, that was not the only conclusion that could be reached, especially when the plaintiff failed to testify to that effect. *Mechanics Sav. Bank* v. *Feeney, ante,* 267. At the most, he merely made a case for the jury upon this question.

*Exception overruled.*

WALKER, J., was absent: the others concurred.