Merrimack,  }
Jan. 4, 1921. }

## ROSE M. JOHNSON *v.* JOHN A. JOHNSON.

Evidence of one slight slap on the face during a cohabitation of nine years, with evidence that the parties frequently disagreed and engaged in heated discussions, does not conclusively prove extreme cruelty.

LIBEL, for divorce.  Facts found by a master, upon whose report of the facts and the evidence the court dismissed the libel and the libelant excepted.  Transferred from the October term, 1919, of the superior court by *Branch*, J.

The master found that on December 3, 1912, the parties had a somewhat heated discussion upon the subject of the libelant's morals, in the course of which the libelee slapped her upon the face with the palm of his hand producing no serious effect upon her person, but causing her to cry.  There was no evidence that he had ever before struck her or that he attempted to assault her after that time up to August, 1917, when she finally left him.  His general conduct toward her was characterized by violent and profane language calculated to make her unhappy and discontented.  At times he was intoxicated. The master in his report recommended the granting of a decree. After the filing of the report, the court recommitted it, with instructions to the master to report all evidence bearing upon the conduct and relationship of the parties from December, 1912, to the date of their final separation.  Subsequently the master filed a supplementary report, recounting the evidence called for.  In addition to the evidence supporting the foregoing finding of facts there was evidence that in 1912 and subsequently the parties did not often agree and engaged in constant disputes upon a variety of subjects; that they lived together most of the time until sometime in 1916 when she left him; that in that year he was taken sick and she took care of him and nursed him for some nine months until he recovered.  Before she left him his treatment of her had been substantially the same as it had been for some years before.

*John M. Stark* and *Robert W. Upton* (*Mr. Upton* orally), for the libelant.

*Murchie & Murchie* (*Mr. Alexander Murchie* orally), for the libelee.

WALKER, J.  The contention of the libelant is that the court was bound to find from the report of the master that she was entitled to a

divorce on the ground of extreme cruelty. But that finding or ruling does not necessarily follow. The only question presented by the exception is whether it conclusively appears that the court erred in dismissing the libel. While it may be assumed that the husband assaulted the wife in the manner described in the report, the court would be justified in finding that it did not amount to extreme cruelty, and as a matter of law that it did not constitute a ground for divorce. ' The slap upon the face was not serious. It occurred during an altercation between the parties, was attended by no threats of violence reasonably to be apprehended and was the only instance of physical violence inflicted by him upon her during their married life of some nine years. Clearly no error was committed in dismissing the libel. The fact that the parties frequently disagreed and engaged in heated discussions upon numerous occasions taken in connection with the slight slap in her face does not conclusively prove extreme cruelty. *Poor* v. *Poor*, 8 N. H. 307; *Jones* v. *Jones*, 62 N. H. 463; *Hart* v. *Hart*, 68 N. H. 478; *Robinson* v. *Robinson*, 66 N. H. 600.

The evidence reported on recommittal together with the facts covered by the original report would seem to be sufficient to justify the court in finding the fact of condonation on the part of the libelee. 2 Bish. Mar. Div. & Sep. *s.* 336. The court has not indicated upon what ground the divorce was denied, but it is not essential that it should directly appear since the ruling is sustainable on either of the two grounds above considered. It cannot be set aside if it is supported by the evidence upon any legitimate theory of the case.

*Exceptions overruled.*

All concurred.