Grafton, } 
May 1, 1923. }

### DANIEL W. WILSON v. NANCY J. ATWOOD.

Ratification of an assumed agency, though requiring to be evidenced by external facts, is merely an act of the mind, and the fact of ratification must be affirmatively found.

The issue on the question of ratification is one of fact, viz., whether the alleged principal assented to the action on his behalf and elected to treat it as his own; and in order that words or acts shall amount to a ratification they must be inconsistent with the existence of an intent not to ratify.

The fact that an agent did not actively participate in the final negotiations for the sale of real estate does not conclusively prove that he was not employed by the owner to effectuate a sale, nor that what he did was not the efficient cause of the transfer.

Where there is no agency and no attempt by anyone to act as agent, there is nothing to which the doctrine of ratification can apply.

If one attempt to act as agent for both parties in effecting a sale, he can recover from neither unless his dual capacity be assented to.

Where a referee finds only certain facts and does not return a general verdict, the finding of a general verdict by the court from those reported facts adds nothing thereto, for the right to judgment depends upon the sufficiency of the facts found by the referee.

ASSUMPSIT, to recover an agreed commission for procuring a customer for the purchase of a hotel at Bethlehem. On the facts found by a referee, the court returned a verdict for the plaintiff.

Both sides moved for judgment on the report. The defendant's motion was denied, subject to exception. She also excepted to the verdict.

The referee found the following facts. One Reiss desired to buy the Howard house and interviewed the plaintiff to see if he could bring about a purchase. The plaintiff had several talks with Reginald Atwood, who was a son of the defendant, relative to making a sale of the property, and Reginald agreed to pay the plaintiff $500, if he should find a purchaser. Later the plaintiff informed Reginald that Reiss wished to buy the property, and told Reiss that the defendant would sell. Reginald had no interest in the property. There was no evidence that he had any authority to act for the defendant, or that he represented to the plaintiff that he had.

The following special findings were also made:

"Defendant never contracted with plaintiff to pay him five hundred dollars or any other sum as commission if he would find a purchaser for the Howard House. Reginald Atwood did contract with plaintiff to pay him five hundred dollars for his services if he would find a customer for the Howard House. Reginald Atwood was not authorized by defendant to make this trade with plaintiff. Defendant was informed by Reginald of his negotiations with plaintiff and during the negotiations for the purchase of the option stated to Reiss and Hendel that she had to pay plaintiff five hundred dollars for his services. The plaintiff procured Reiss as a customer for the Howard House. Reiss was willing and able to purchase the property." The "defendant ratified Reginald's trade, at least so far as to use the statement that she had to get $500 to pay the plaintiff, as an argument why she should receive the $22,200 for the option."

Transferred by *Sawyer*, J.

*Harry L. Heald*, for the plaintiff.

*Harry M. Morse*, for the defendant.

PEASLEE, J. The case was sent to a referee, who found certain facts, but did not return a general verdict. The verdict for the plaintiff, found by the court from the facts reported by the referee, adds nothing to the plaintiff's case. The right of the plaintiff to a judgment depends upon the sufficiency of the facts found by the

referee. *Crawford* v. *Forristall*, 57 N. H. 102. If those facts do not establish a right to recover there would be a judgment for the defendant, unless the case should be recommitted for further findings. It is not the province of the court to add to the findings reported. The trial of the facts having been committed to the referee, the function of the court is merely to apply the law to the facts found. *March* v. *Putney*, 56 N. H. 226. It is the practice here to recommit cases in which the referee's report is deficient. *Andrews* v. *Green*, 61 N. H. 639; *Cutting* v. *Tappan*, 59 N. H. 562; *Lord* v. *Smith*, 59 N. H. 593. The defendant's exception to the verdict found by the court is sustained.

The report is incomplete. It does not make it clear whether, when Reginald promised to pay the plaintiff $500, he made the agreement as his own, or whether he undertook to promise on behalf of the defendant. Taken literally, the report means that he made the agreement for himself. If this is true, the plaintiff cannot recover, for it is found that no agency then existed. Where there is no agency and no attempt to act as agent, there is nothing to which the doctrine of ratification can apply. *Saltmarsh* v. *Candia*, 51 N. H. 71; 2 C. J. 474.

It also appears from the report that Reiss engaged the plaintiff to act for him in endeavoring to purchase the property. Apparently, the plaintiff undertook to act as agent for both parties. If such is the fact, he cannot recover from the defendant, in the absence of proof that she knew of and assented to his acting in such dual capacity. *Walker* v. *Osgood*, 98 Mass. 348; *Pearson* v. *Railroad*, 62 N. H. 537.

Assuming that these deficiencies in the plaintiff's case are hereafter supplied, the question of ratification by the defendant will become material. "Ratification, though it must be evidenced by external demonstrations, is merely an act of the mind." *Bayley* v. *Bryant*, 24 Pick. 198, 203. "Where the facts are in dispute, or where the inferences to be deduced from them are such that men may reasonably differ concerning them, the question of ratification or not is for the jury. This is especially true where ratification is sought to be implied from conduct, or deduced from acts of alleged acquiescence." Mech., Agency, *s.* 481.

Upon this issue the referee has failed to make any definite finding. He reports that "the defendant ratified Reginald's trade, at least so far as to use the statement that she had to get $500 to pay the plaintiff as an argument why she should receive the $22,200." The

defendant's statement was not made to the plaintiff, and is at the most an admission, spoken to one not a party to the transaction in question. "The persons to whom the ratification must be manifested are, of course, usually the parties involved in the transaction, or their agents for this purpose, though doubtless what is said or otherwise manifested to third persons may often be competent as evidence." Mech., Agency, s. 478. The statement here reported is not conclusive of the defendant's state of mind. It may have been made because she thought she ought to make the payment promised, or wished to do so, although she never either authorized or ratified it. It may have been made for other reasons. In order that words or acts shall amount to a ratification, as matter of law, they "must . . . be inconsistent with the existence of an intention not to adopt." Tiffany, Prin. and Agent, 66.

Mere knowledge upon Mrs. Atwood's part that Reginald had, without authority, promised the plaintiff $500 if he would produce a customer, did not diminish her right to deal with any one who wished to buy. It did not put her in the position of being obliged to refuse to sell to Reiss, upon peril of becoming liable to the plaintiff upon Reginald's unauthorized promise. "Conduct which would have been within the principal's right in case he repudiated the transaction will not amount to ratification." Tiffany, Prin. and Agt. 66. The case is not one of accepting benefits knowing that the party engaged in conferring the same understands that payment is to be made. There is no element of estoppel in the case. Whatever the plaintiff did was before the defendant had any dealing with Reiss. The plaintiff did nothing relying upon the defendant's apparent assent to the unauthorized promise made by Reginald. *Forsyth* v. *Day*, 46 Me. 176.

The defendant never accepted any benefit under the contract. All that she did was to use an alleged obligation "as an argument" to show that she should receive a larger price. Her dealings with Reiss are evidence from which a ratification could be found, but they are not conclusive. It is the ordinary case, presenting the issue of fact whether she assented to Reginald's action upon her behalf and elected to treat it as her own. This question must be decided in the affirmative in order to establish the defendant's liability.

The referee's report states that if, upon the facts found, the plaintiff is entitled to a verdict, he is to have judgment, otherwise there is to be judgment for the defendant. But this statement is

merely a legal conclusion, or ruling, and does not necessarily prevent a further hearing or report. As it appears that certain material questions of fact have not been passed upon, it is plain that justice requires a recommitment of the case, with instructions to find: 1. Whether the plaintiff attempted to act for both parties, without the defendant's knowledge of the fact. 2. Whether Reginald assumed to act for and on behalf of the defendant. 3. Whether the defendant thereafter ratified his act. If any of these matters is determined in favor of the defendant, it will not be necessary to pass upon the other two, otherwise a finding should be made as to each.

The defendant's claim that she cannot be held liable because the plaintiff did not participate in the final negotiations cannot be sustained. His undertaking was to produce a customer able and willing to buy, and the finding is that he did so. *Morrison* v. *Hall*, 78 N. H. 48. The defendant's exception to the denial of her motion for judgment is overruled.

*Case discharged.*

All concurred.