Hillsborough,
May 6, 1930.

Eastern Electric Supply Co.
*v.*
Ernest L. Ekdahl & a. (*trading as Ekdahl Brothers.*)

*Sewall & Waldron* and *William A. Connellan* (of Portland, Maine), for the plaintiff.

*Warren, Howe & Wilson* and *Robert P. Bingham*, for the defendants.

SNOW, J. The trial of the facts having been committed to a referee, it was not the province of the court to find facts. Its function was merely to apply the law to the facts reported. *Wilson* v. *Atwood*, 81 N. H. 61, 63 and cases cited. The conclusion of the court that Ernest was not a partner, though termed a finding, is in effect a ruling that on the reported facts no partnership could be found. The order of judgment in favor of Ernest includes a like ruling. The correctness of this ruling is the question reserved.

The referee finds that there was no evidence of the existence of a partnership as between the brothers, which conclusion is supported by special findings of the absence of proof of the more usual evidentiary tests of such a relation, namely, "sharing of profits or losses," "part in the management of the business" or "active or passive interest in the business" on the part of Ernest. This general finding of the want of evidence concludes the plaintiff upon the issue of the existence of an actual partnership. In fact it does not appear to be seriously contended that a partnership *inter se* as respects the transactions here in question could be found.

On the issue whether there was a partnership by estoppel the referee makes no general finding, and erroneously submits that issue to the court. It is the practice in case of such deficiency to recommit the report. *Wilson* v. *Atwood, supra.* If, however, it appears from the report here that a further finding, if ordered, would necessarily be in favor of the defendant no useful purpose would be served by a recommittal. *Riley* v. *Farnum*, 62 N. H. 42, 44.

To establish a partnership by estoppel it must be found that the plaintiff was induced to make the sale to Ellis in reliance upon the conduct of Ernest. *Howes* v. *Fisk*, 67 N. H. 289, 290; *Thompson* v. *Currier*, 70 N. H. 259, 266; *Muslow* v. *Company*, 79 N. H. 489, 490. The referee reports the conduct on which the plaintiff bases its claim of estoppel together with the supporting evidence, and specially finds therefrom that Ernest "never held himself out to the plaintiff or to anyone else as a partner," and that there was "no evidence" of such a holding out.

The conduct primarily relied upon was Ernest's alleged knowledge, without protest, of Ellis' use of the name Ekdahl Brothers in his

radio business. The undisputed evidence was that Ellis conducted this business at his home and that he maintained no business sign. Ernest admitted that he knew that his brother used the trade name on his stationery, but there was no evidence of his knowledge of its use otherwise, except as hereinafter mentioned. There is no evidence that the stationery was ever used by Ellis in correspondence with the plaintiff or was seen by its officers or agents. One of its sales agents expressly disclaimed having seen it and testified that, after diligent search, he could not find any correspondence relating to the Ekdahl account and presumed that it had been destroyed. The question whether the trade name was used by Ellis upon the acceptances was in dispute. If, however, it were found that it was so used, there was neither evidence that Ernest knew of such use, nor proof that the plaintiff made any inquiry as to the significance of the trade name or as to the financial responsibility of Ernest, while there was evidence that it did ascertain that Ellis was reputed to be a real estate owner. This evidence would not support a finding of conduct and reliance thereon essential to the plaintiff's case.

Another piece of evidence offered by the plaintiff was a joint financial statement by Ellis and Ernest. It was entitled "Ekdahl Brothers (Partnership) Business Radio" and signed Ekdahl Brothers by both Ernest and Ellis, setting forth their combined assets and liabilities in the form usually required from parties desirous of securing credit from a bank. It was dated on the day following a loan by Ernest to Ellis of $1300 on the latter's note payable at Manchester, and was given to the First National Bank of that city for the purpose of securing credit. It does not appear that the existence of this financial statement was known to the plaintiff until long after its business relations with Ellis were established. The claim advanced by the plaintiff that its knowledge of the statement, and reliance thereon, might be inferred from the known business practice of obtaining reports through established credit agencies, and from the difficulty of proof is manifestly without merit. To permit such an inference would be to substitute conjecture for evidence. The finding of the referee that this financial statement was not an inducement to the plaintiff to do business with the defendants is supported by the evidence.

A note given by one M to Ekdahl Brothers endorsed Ekdahl Brothers, Ellis N. Ekdahl, Ernest Ekdahl and discounted at said bank, was also in evidence. It does not appear that the plaintiff or its agents had any knowledge of this note prior to, or during its busi-

ness relations with the defendant Ellis. The incident is wholly without weight upon the issue presently under discussion.

The evidence relied upon would not support a finding of reliance upon Ernest as a partnership member of Ekdahl Brothers which is essential to the plaintiff's claim of a partnership by estoppel. As it thus clearly appears that the further finding of the referee would necessarily be in favor of the defendant there is no occasion for recommittal.

In view of our conclusion it is unnecessary to consider the defendant's claim that estoppel was not specifically relied upon as a ground of liability at the trial.

In accordance with the record the order must be

*Judgment for Ernest L. Ekdahl: judgment for the plaintiff against Ellis N. Ekdahl.*

All concurred.