## SHEAFE *v.* SHEAFE.

Upon a decree for alimony upon a divorce, the court may award an execution for the amount, to run against both the property and body.

After a divorce and a decree for alimony, the court, upon application and notice to the adverse party, may revise and modify any order in regard to the alimony, and may make new orders respecting the same.

In this State the courts do not make a decree for alimony unless an ability to pay the same be shown.

PETITION, for an execution to enforce the payment of alimony, and for an order changing the original decree. The petition was filed November 12, 1856. The facts of the case sufficiently appear in the opinion of the court.

*Goodall,* and *Christie,* for the petitioner.

*Hatch,* for the petitionee.

EASTMAN, J. At the July term, 1852, of the Superior Court, it was ordered that the petitionee, William H. Sheafe, pay to the petitioner the sum of $150 annually, thereafter, as alimony, decreed to her upon a divorce between the parties.

The petitioner now prays for an execution for $150, being the

annual payment for July, 1856 ; due demand for the same having been made upon the petitionee, and payment having been refused. She also prays for a modification of the original order, and that alimony may be decreed to her in a gross sum, instead of annual payments.

The original order was in the nature of a judgment, and it has been the practice of the court to award execution for alimony whenever it has been deemed necessary to carry out the decree. These executions have been made to run against both the property and the body, as the court have seen fit to direct ; the provisions of the statute exempting the body from arrest not applying to decrees and orders of this nature.

We see no objection, therefore, to awarding execution for the $150, the annual payment for July, 1856. The original decree remains unchanged, and the petitionee has refused to pay the installment, after demand made. We think also that the execution should run against the body. The evidence shows that former installments have not been paid, and the petitioner should have the benefit of an execution which reaches the person as well as the property. The statute provides that the court may use such processes as may be necessary to carry the decree for alimony into full effect. Rev. Stat., chap. 148, sec. 13 ; Comp. Stat. 379, sec. 13.

The application for a modification of the original order, so that a gross sum may be decreed to the petitioner instead of the annual payments, we think must be denied ; not from any doubt as to the power of the court to revise and modify the order, as requested, but because the facts will not warrant it.

By the sixteenth section of chapter 148 of the Revised Statutes, the court are empowered, upon proper application and notice to the adverse party, to revise and modify any order made by them in cases of this kind, and to make such new orders as may be necessary. Comp. Stat. 379, sec. 16. Under this section the prayer of the petition might be granted if the facts showed a proper case.

The evidence tends to show that the petitionee has an interest

Sheafe *v.* Sheafe.

in a wharf at Portsmouth, to the extent of one twelfth, and also in some land in Rye, to the same extent, but no value is affixed to this property by the witnesses, and the evidence in regard to it is indefinite and unsatisfactory.  It appears also that he has a small amount of personal property, the value of which is not shown.  By the will of Elizabeth Doane, however, he is the recipient of the income of certain trust property, which, during the last four years, has raised from seventy-five to three hundred and fifty dollars a year.  This trust fund formed the basis of the decree by the Superior Court.  It consists principally of stocks, and the variation in the income has been caused by the difference in the yearly dividends.  Over the principal of this property the petitionee has no control whatever, and it does not appear that he derives much if any income from his own industry.  Such are the facts as shown by the evidence.

A decree for alimony is never passed unless an ability to make the payment is shown.  Such is the rule in this State; and the evidence in regard to the income and property of the party against whom the decree is sought, should be as clear and satisfactory as circumstances will permit.  Were the question of alimony in this case now before the court for the first time, we should not, upon the evidence submitted, award a gross sum to be paid.  We might perhaps assign to the petitioner a part of the wharf, and of the land in Rye, and also give her an annual part of the income from the trust property.  This would be the extent to which we could go.  If there should be further evidence, showing more definitely the interest of the petitionee in the wharf, and the land at Rye, and the value of the same, the decree might be changed so as to take effect wholly upon this property, instead of being founded, as it now is, upon the income of the trust estate.

As the matter now stands, the petitioner may take her execution for the $150, and in other respects the prayer of the petition must be denied.