## CROSS v. CROSS.

A judgment ordered for the defendant upon an agreed statement of facts, which showed that the mortgage in suit was given to secure the payment of a sum of money by a husband to his wife, under a collusive agreement for obtaining a divorce in her favor, is not conclusive against the right of the wife, after such divorce has been decreed, to recover alimony from the husband.

Nor is the adultery of the wife, both before and after such divorce, a legal bar to the granting of alimony upon her petition subsequently brought.

PETITION for alimony, filed August 20, 1880. Facts found by a referee. July 28, 1875, the parties agreed that the plaintiff should have $900 as her share of the property, and on that day the defendant gave to one Moore, as trustee, his five promissory notes,— one for $100, payable September 30, 1875, and four of $200 each, payable September 30, 1876, 1877, 1878, and 1879,—with a mortgage of his farm to secure them. July 31, 1875, the plaintiff filed her libel charging extreme cruelty, but containing no prayer for alimony, and at the August term, 1875, a divorce was decreed to her for that cause.

The defendant paid the first note, but refused to pay the second. Moore assigned the notes and mortgage to the plaintiff, who, January 13, 1877, brought a writ of entry against the defendant and one Heath for the mortgaged land. The declaration was in common form, making no mention of the mortgage. In this suit, upon an agreed statement of facts, stating, among other things, that a part of the consideration of the above named agreement and notes was "that the plaintiff should bring a libel for divorce against the defendant on the ground of extreme cruelty, and that the defendant should accept service of the libel, and make no defence," judgment was rendered for the defendant, by order of the law court (58 N. H. 373), at the August term, 1878. The defendant contended that this judgment was conclusive that the divorce was obtained by collusion; but the referee ruled that it was not conclusive in this proceeding, and, subject to the defendant's exception, heard the evidence, and finds that there was no agreement that the plaintiff should bring a libel for divorce, or that the defendant should accept service, or that he should not resist a libel if brought, and, in substance, that there was no collusion between the parties.

The defendant introduced evidence before the referee tending to show that the plaintiff was guilty of adultery both before and after the decree of divorce, but the referee made no finding upon that question. The defendant moved that the report be recommitted to the referee, with instructions to make a finding. The court held that adultery committed by the plaintiff, either before or after the decree, is not a bar to this petition; and being of the opinion, and finding upon all the facts and circumstances reported by the referee, and the further fact of adultery, assuming it to be established, that the prayer of the petition ought to be granted, denied the motion; and the defendant excepted.

*Bingham, Mitchells & Bachellor*, for the plaintiff.

*Ladd & Fletcher*, for the defendant.

CLARK, J.   *Cross* v. *Cross*, 58 N. H. 373, was a writ of entry, and the matter in issue was the title to the demanded premises,

which depended upon the validity of the plaintiff's notes and mortgage. Upon an agreed statement of facts, that the notes and mortgage were made in pursuance of a collusive agreement for obtaining a divorce, it was held that the notes and mortgage were illegal and void, and the defendant had judgment.

This proceeding is a petition for alimony, and the matter in issue is, whether the plaintiff is entitled to a share of the property. The cause of action and the matter in controversy are not the same as in the former action, and the former judgment is neither a bar to the plaintiff's right of recovery in this proceeding, nor is it conclusive that the divorce was obtained by collusion. A former judgment is conclusive only as to facts in issue. It is not conclusive as to facts which are merely evidence. *Metcalf* v. *Gilmore, ante,* 174, 187; *King* v. *Chase,* 15 N. H. 9. The referee now finds that the assumed statement of facts in the former trial was erroneous, and that there was, in fact, no collusion between the parties in obtaining the divorce, and the evidence was properly received.

There is no question as to the power to grant alimony in this case. Upon proper application and notice, the court may revise and modify any order made, and make such new orders as may be necessary respecting alimony. G. L., c. 182, s. 15; *Ela* v. *Ela, ante* 116, 121, and cases cited. Adultery committed by the plaintiff before or after the decree of divorce is not, as matter of law, a bar to this petition. The plaintiff may have earned the property, and justice may require a division of it, although both parties are corrupt. Whether the plaintiff is entitled to alimony is a question of fact.

*Exceptions overruled.*

CARPENTER, J., did not sit: the others concurred.