Belknap,
Dec. 6, 1921.

## GLADYS M. SALTA *v.* JAMES N. SALTA.

The power conferred upon the court by P. S., *c.* 175, *s.* 13, relating to divorce, to order "a reasonable provision" to be made for the support of the children of the marriage is limited to requiring such provision to be made by the guilty party; the power conferred by *s.* 12 relates to proceedings *pendente lite*.

PETITION, by Gladys M. Salta of Lawrence, Massachusetts, against James N. Salta of Laconia. The plaintiff alleges that she was formerly the wife of the defendant James; that he obtained a divorce from her at Laconia in October, 1919; that the petitioner has one child by the said James, born May 9, 1916; that no decree as to custody was made at the time of the divorce, but custody of said child was committed to the petitioner by a decree of the probate court for Essex county, Massachusetts, June 21, 1917, after due notice to the defendant and a hearing at which he appeared.

The prayer of the petition is that the defendant be required to pay the plaintiff a reasonable sum for the education, maintenance and support of his said child, and for such other relief as the court may deem just.

The defendant demurred to the petition. The demurrer was overruled, and the divorce proceedings brought forward. After a hearing on the merits, the court, *Marble*, J., awarded the custody of the child to the plaintiff and ordered the defendant to pay ten dollars per week towards the child's support. The defendant was a resident of Massachusetts in November, 1916, but shortly afterward removed to Laconia and has resided in this state continuously since removing here. The plaintiff came with her husband to Laconia, November 15, 1916, and remained with him for three months, when she returned to Massachusetts where she has since resided.

The defendant excepted to the overruling of the demurrer and to the order made on hearing.

Transferred from the March term, 1920, of the superior court.

*Frank P. Tilton*, for the plaintiff.

*Fortunat E. Normandin* and *Jewett & Jewett*, for the defendant.

PARSONS, C. J. Whether the decree of the probate court of Massachusetts as to custody is or not superseded by the decree in a foreign divorce proceeding, the order which has been made awarding the custody of the child to the mother does not conflict with it.

The legal liability of a father for the support of his minor child is entirely dependent upon the statute. *State* v. *Byron*, 79 N. H. 39, 40; *Plymouth* v. *Haverhill*, 69 N. H. 400; *Kelley* v. *Davis*, 49 N. H. 187. Also the power of the court in divorce proceedings as to alimony, custody and support of children is wholly statutory. But there is full power at any time to bring forward the divorce proceeding and to alter any decrees that have been made and to make decrees in relation thereto if none have been made. *Le Beau* v. *Le Beau*, *ante*, 139; *Wallace* v. *Wallace*, 74 N. H. 256; *Bickford* v. *Bickford*, 74 N. H. 448. A decree for alimony may be made in favor of the libelee after a divorce granted her husband. *Cross* v. *Cross*, 63 N. H. 444; *Sheafe* v. *Sheafe*, 24 N. H. 564. But the power conferred by the statute to order "a reasonable provision" to be made for the support of the children of the marriage is limited to one requiring such provision to be made "by the guilty party, or out of his estate." P. S., *c.* 175, *s.* 13; *Bickford* v. *Bickford, supra*, 450; *Whipp* v. *Whipp*, 54 N. H. 580, 582. The preceding section relied on by counsel relates to proceedings *pendente lite*.

The sections are, "Sect. 12. After the filing of a libel for divorce, the supreme court sitting in any county, or any judge thereof, may,

on petition of the wife, prohibit the husband from imposing any restraint upon her personal liberty, or from entering the tenement where she resides during.the pendency of the libel, and may also, on the petition of either party, make such order respecting the custody and maintenance of the minor children of the parties as shall be deemed expedient and for the benefit of the children.

"Sect. 13. In all cases where there shall be a decree of divorce or nullity, the court shall make such further decree in relation to the maintenance, education, and custody of the children as shall be most conducive to their benefit, and may order a reasonable provision for their support to be made by the guilty party, or out of his estate."

Section 13 was adopted in substantially its present form, December 24, 1840. Laws 1840, c. 573, s. 3. In *Whipp* v. *Whipp, supra,* the libelant asked that provision for the support of the children might be made out of certain property standing in the name of the libelee to which the libelant also laid claim. The court refused to investigate the question of title but held that, as the libelant asked for the making of such provision, "the judge at the hearing may make such decree as to a provision for the children out of the same as may be reasonable, in case the libellee be found the guilty party."

Section 12 first appears in the Revised Statutes of 1842. R. S., c. 148, s. 10. The commissioners who drafted the Revised Statutes cite as its source Vermont Revised Statutes, *p.* 325, *ss.* 31, 32, and Massachusetts Revised Statutes, *p.* 482, *ss.* 24, 25. Comm'rs' Rep't, R. S., c. 151, s. 10. In the Vermont and Massachusetts statutes the provisions for the protection of the wife's person and the custody and maintenance of the children are in separate sections, each of which limits the order to be made by the expression "during the pendency of the libel." The compilers of the Revised Statutes having combined the two sections into one did not deem it necessary to repeat the expression "during the pendency of the libel" used in the first part of the section. After the libel is filed, the power conferred by the statute may be exercised by the court in any county, regardless of the county in which the libel is filed or by any judge of the court. Such orders are necessarily temporary, and, without reference to the source of the legislation, the language used establishes that the power conferred has no reference to the final decree upon hearing. The two provisions have been repeatedly reënacted since 1842 and the retention of the concluding clause of section 13, after its construction by the court in 1874 in the opinion by Judge *Ladd* above cited, conclusively establishes that this clause was not

repealed by anything in the preceding section. Both must stand together, as they can, if as seems very plain, one relates to proceedings before and the other upon final decree.

The order therefore requiring provision for the support of the child by the libelant, who is not the guilty party upon the record, is unauthorized. The exception thereto is sustained and the order is set aside. This result renders unnecessary further consideration of the Massachusetts decree which contains no provision for the child's support.

The specific relief asked for is beyond the power of the court in this proceeding.

*Case discharged.*

All concurred.