ELVINA PFLUG *v*. CHARLES G. W. PFLUG.

*George R. Scammon*, for the plaintiff, filed no brief.

*John E. McCormick* (of Massachusetts), for the defendant, filed no brief.

PER CURIAM. The proceeding conformed to statutory authority. P. L., c. 287, s. 29. No errors of law appear in the master's rulings. With reference to the exceptions to the admission and exclusion of evidence, the rule in divorce trials that "the court has never been governed by strict rules of evidence or practice, and has always exercised a broad discretion, as well as in the admission of evidence as in other respects" (*Warner* v. *Warner*, 69 N. H. 137, 138; *Carpenter* v. *Carpenter*, 78 N. H. 440, 455) is properly extended to proceedings in petitions for separate maintenance. The master overstepped no bounds of discretion in this respect.

The master's findings of fact are all sustained by the evidence except in connection with the defendant's interest in rented property in Lawrence, Massachusetts. The finding that his mother was not living at the time of the trial is contrary to all the evidence bearing thereon, and the finding that he has the rents from the property is without substantial evidence to support it. The record title of the property is in his mother's name and inference that the rents are not available for her support may not fairly be made. While the defendant has made his mother some payment towards the purchase of the property in pursuance of her option given him to buy it, the findings do not show the extent of his interest, while the erroneous findings tend to lessen the amount of the interest which the master found, or should have found, the defendant had, though not reporting it. Proper allowance for the plaintiff required consideration of all the defendant's resources, and as the record shows, by the erroneous findings, that they may have been overestimated and as it cannot be told how far the findings affected the amount of the allowance, the report should be recommitted to the master for reconsideration of the allowance.

*Case discharged.*