Cheshire,
Apr. 6, 1948. } No. 3722.

JOHN L. BALLOU *v.* BESSIE B. BALLOU.

*Earl Brennan,* for the libelant.

*Roy M. Pickard,* for the libelee.

KENISON, J. The record discloses a turbulent and stormy marriage career of several years duration accompanied by assaults, threats and unfounded accusations. Although the evidence is otherwise conflicting and contradictory, the parties concede and the record demonstrates that a reconciliation was hopeless. The Trial Court heard and observed the parties and their witnesses and was in a better position to judge their credibility than an appellate court which reads about it. In domestic relation cases testimony of the parties may be unconsciously colored by emotion and consciously slanted by vindictiveness. To distinguish fact from assertion frequently requires the delphic powers of a judicial Solomon and the attainment of that objective should not be unduly diluted in the process of appellate review. The Trial Judge could disbelieve the libelant's testimony, believe the libelee's, and enter the decree which he did. *Franklyn* v. *Franklyn,* 93 N. H. 90. The "dismissal of the

libel . . . included a finding that the plaintiff. had not sustained his burden of proof." *Beasley* v. *Beasley,* 93 N. H. 447, 448. "Nevertheless we have satisfied ourselves that all the material findings objected to were amply sustained by the testimony, provided it be conceded, as it must be, that the trier of the fact may determine which of conflicting testimony is credible . . . and that he may draw inferences as to human feelings and motives after hearing the witness testify." *Dubreuil* v. *Dubreuil,* 93 N. H. 14, 15.

This does not mean that the Trial Court's discretion is completely unfettered (R. L., c. 369, s. 2) but it does mean that its findings are binding where "there is evidence to support them." *Cote* v. *Cote,* 94 N. H. 372, 373; *Johnson* v. *Johnson,* 80 N. H. 15. In the future as in the past errors and abuses will be corrected. A finding that "is contrary to all the evidence" will be set aside. *Pflug* v. *Pflug,* 92 N. H. 247, 248. Likewise unwarranted and prejudicial use of evidence by the Trial Justice which denies a party a fair trial constitutes reversible error. *Kennard* v. *Kennard,* 87 N. H. 320. In the present case no such errors appear and the finding and decree were warranted by the evidence.

Our statute provides no minimum or maximum standards for determining the amount of alimony to be awarded the wife. The court may assign such part of the husband's estate or "such sum of money, as may be deemed just. . . . " R. L., c. 339, s. 16; *Sheafe* v. *Sheafe,* 24 N. H. 564; *Daniels* v. *Barker,* 89 N. H. 416, 423. The Trial Court determines the amount of alimony as well as the method of payment. R. L., c. 339, ss. 17, 18; *Cross* v. *Cross,* 63 N. H. 444; *Barber* v. *Barber,* 92 N. H. 523, 524. See *Robertson* v. *Brewer,* 88 N. H. 455. The libelant had known assets of eleven thousand dollars and, notwithstanding physical handicaps, earned "take home" pay of forty dollars a week. The libelee's earnings were used in part for the support of the children and the maintenance of the homestead which she helped to build and improve. Under the circumstances the amount of the alimony decree was not an unreasonable division of their earnings and labors.

*Exceptions overruled.*

All concurred.