Cheshire,
No. 4339.

ELINOR G. KIBBEE *v.* L. MAYNARD KIBBEE.

Submitted September 7, 1954.

Decided September 30, 1954.

*Homer S. Bradley* for the libelant, furnished no brief.

*Earl Brennan* for the libelee, furnished no brief.

KENISON, C. J.   The absence of a brief from the appealing party makes it difficult to ascertain what he claims to be the alleged error in the Court's decree.   The record discloses only that the libelee considers the decree "inequitable" and the award "excessive."   We have considered the whole record in light of the

general claims advanced. R. L., c. 369, s. 13; *Musgrove* v. *Parker*, 84 N. H. 550, 552.

The real estate which was owned by the parties jointly was purchased in 1943 for $4,500. There was evidence from which it could be found that the libelant had contributed $1,000 toward the purchase price and that during their marriage she had contributed approximately $4,900 for the support of the family. This latter amount was accumulated by the libelant by teaching, "babysitting" and two small inheritances. While the children were in school they were mainly self-supporting but what help they did receive came from the mother rather than the father. At the present time there is a mortgage of approximately $500 on the jointly owned property. The libelee has a $2,000 life insurance policy in which his wife is not named as beneficiary. The libelee was capable of earning approximately $67 a week.

Where the wife has contributed to the accumulation of property of her husband by her funds and industry the Court is warranted in granting a larger award in her favor. *Cross* v. *Cross*, 63 N. H. 444; 2 Nelson, Divorce and Annulment (2nd *ed.*) ss. 14.33 and 14.46. This is so whether the award takes the form of a support order, a lump sum payment or a division of property. *Malbouf* v. *Malbouf*, 97 N. H. 342. Our statutes provide that the amount of alimony, the method of its payment and the form in which it will be awarded are determined by the Trial Court. R. L., c. 339, ss. 16-18; *Ballou* v. *Ballou*, 95 N. H. 105. One of the elements for consideration in awarding alimony in this jurisdiction is the equitable adjustment of property rights in the property of spouses. *Fowler* v. *Fowler*, 97 N. H. 216, 218; *Daniels* v. *Barker*, 89 N. H. 416, 423. In the absence of any minimum or maximum standards for determining the amount of alimony it necessarily follows that a large measure of discretion must reside in the Trial Court. *Barber* v. *Barber*, 92 N. H. 523; *Ballou*, v. *Ballou*, *supra*.

In this state divorce proceedings are not considered punitive. "Divorce is not punishment of the offender, but relief to the sufferer." *Robinson* v. *Robinson*, 66 N. H. 600, 610. In determining the amount of alimony, however, the conduct of the guilty party is not conclusive but is an element to be considered under all the circumstances. While any experienced trial attorney knows that the completely innocent spouse is frequently a myth, it is recognized that the more innocent of the two is entitled to favorable consideration in the division of their property and funds. *Malbouf* v.

*Malbouf, supra.* The evidence in this case clearly indicated that the wife was entitled to a divorce. Under the circumstances the amount of the property and funds awarded her was reasonable and proper, particularly in view of the fact that the decree made no order for support of the libelant or her minor child and that the husband had spent most of a $4,000 inheritance while the divorce proceedings were pending. We find no error of law or abuse of discretion in the Court's findings and rulings in this case and the order is

*Exceptions overruled.*

All concurred.