Rockingham,
No. 5621.

### SALLY D. COLLETTE

*v.*

### VICTOR L. COLLETTE.

Argued December 5, 1967.
Decided February 29, 1968.

*Wayne J. Mullavey* for the plaintiff, filed no brief.

*Shaw & Eldredge* ( *Mr. Carleton Eldredge* orally ), for the defendant.

KENISON, C. J. This case presents the common but difficult question of deciding what is an equitable division of a husband's salary for the benefit of his divorced wife and minor children. Neither the Legislature nor this court has devised any litmus test that guarantees Solomonic certainty in determining the maximum or minimum amount of support that a wife and minor children are entitled to receive or the amount of salary that a husband is entitled to retain. *Ballou* v. *Ballou,* 95 N. H. 105. The Trial Court is accorded a wide discretion in such matters both at the time of the original divorce decree and at any hearing for a modification of the support order. *Peterson* v. *Buxton,* 108 N. H. 77, 78; *Benjamin* v. *Benjamin,* 99 N. H. 117, 119; *Guggenheimer* v. *Guggenheimer,* 99 N. H. 399, 403.

The parties were divorced in 1965 and by stipulation of the defendant approved by the court in 1966 the defendant agreed to pay $70 a week for the support of his three minor children. The defendant's support payments are in arrears due in part to his failure to make money in a "full-time selling position" in 1966. He filed a motion to modify and reduce his support order of $70 a week and the Court reduced the weekly payment to $60. At the time of the hearing on this motion the defendant received "take home pay" of approximately $104 a week. The defendant's exception to this order was reserved and transferred by *Grant,* J.

The defendant had the burden of showing that the support order was improper and unfair. 2A Nelson, Divorce and Annulment ( Rev. 1961 ) *s.* 17.08; *Fortuna* v. *Fortuna,* 103 N. H. 547. While the order of the Trial Court is subject to review ( *Taylor* v. *Taylor,* 108 N. H. 193 ), it can be set aside only if the evidence demonstrates clearly an abuse of judicial discretion. *Kennard* v. *Kennard,* 81 N. H. 509, 511. Considering all the

circumstances including the financial straits of the mother and the three minor children and the father's "take home pay" of $104 a week, we cannot say that the weekly support order of $60 constitutes an abuse of discretion. See Annots. 89 A.L.R. 2d 7; 1 A.L.R. 3d 382; *Peterson* v. *Buxton,* 108 N. H. 77.

*Exception overruled.*

All concurred.