Carroll,
No. 6109.

ERNESTINE L. COMER

*v.*

BRUCE M. COMER.

December 30, 1970.

*Peter G. Hastings* ( by brief and orally ), for Ernestine L. Comer.

*Fisher, Parsons, Moran & Temple* ( *Mr. Robert H. Temple* orally ), for Bruce M. Comer.

GRIFFITH, J. This is a petition for legal separation brought by Ernestine L. Comer. Defendant does not contest the granting of the legal separation but excepted to the property settlement award and support order. Reserved and transferred by the Trial Court ( *Keller, J.* ).

The parties here were married in October 1943. There were three children born of the marriage, two of whom were still minors and living at home at the time of the hearing. The parties separated in April of 1968 as a result of husband informing the wife of his intimacy with another woman. The present action was brought in June 1968 and there was testimony to support a decree of legal separation based upon a finding that the husband's conduct caused serious injury to the health of the wife.

Both parties were employed at the time of the hearing. The wife had been employed during the last fifteen years of the marriage and received a take-home pay of $55 per week. The husband received a drawing account of $100 per week as an insurance salesman and testified that his commissions so far had not exceeded the drawing account. He listed his expenses at $80 per week and the wife listed hers at $92 per week, including mortgage payments. The parties owned as tenants in common a home in Conway which the undisputed testimony of the wife valued at $12,000 subject to a mortgage of $3,000. The home had been owned approximately ten years and was purchased to replace a home previously owned but taken in eminent domain proceedings.

The trial court decreed the entire equity in the home, subject to the payment of outstanding encumbrances by her, to the wife and ordered the husband to pay weekly support of $13.50 for the wife and $12 for each child. The defendant urges that the decree of support and the award of the home to the wife was excessive and an abuse of the trial court's discretion.

The superior court by statute may assign to the wife in a decree of legal separation " such part of the estate of her husband, or order him to pay such sum of money, as may be deemed

just. . . . " RSA 458:19. Decrees on the custody and support of the children are governed by the phrase " order a reasonable provision for their support and education. " RSA 458:17. *Payette* v. *Payette,* 85 N.H. 297, 157 A. 531 ( 1931 ). Within the broad spectrum of this language we have consistently held that " a large measure of discretion must reside in the Trial Court. " *Kibbee* v. *Kibbee,* 99 N.H. 215, 216, 108 A.2d 46, 48 ( 1954 ); *Ballou* v. *Ballou,* 95 N.H. 105, 58 A.2d 311 ( 1948 ); *Collette* v. *Collette,* 108 N.H. 469, 238 A.2d 598 ( 1968 ). It has recently been suggested that this approach has failed to establish guidelines for the trial judge. McDowell, Kenison and Family Law, 48 B.U.L.R. 192 ( 1968 ). This court can hardly file a disclaimer of the policy laid down in our cases of not limiting the relevant factors to be considered by a trial judge in determining support and alimony by listing them.

The difficulties presented to the trial judge by these cases have been recognized ( *Ballou* v. *Ballou,* 95 N.H. 105, 58 A.2d 311 ( 1948 ) ) and argue for the desirability of a formula for decision. We are not persuaded however, that any such simplistic solution is possible. In the vast majority of cases the trial judge has the problem of dividing the meager loaves and fishes without the aid of a miracle. In such cases the only relevant factor is how much can the husband pay toward the support of the wife and children.

The distinction between single factor decisions and those complicated by wealth and involved circumstances ( *Guggenheimer* v. *Guggenheimer,* 99 N.H. 399, 112 A.2d 61 ( 1955 ); *Madsen* v. *Madsen,* 109 N.H. 457, 255 A.2d 604 ( 1969 ); *Douglas* v. *Douglas,* 109 N.H. 41, 242 A.2d 78 ( 1968 ) ) is not merely a multiplication of relevant factors. While the same factors may be involved in different cases it does not follow that they should receive the same weight. Where as here the development of techniques of decision are peculiarly for the trial court, a fixed formula would be a hindrance rather than a help. The rule remains that the trial court may consider all factors relevant to the decision and must make it within the bounds of judicial discretion. *Kennard* v. *Kennard,* 87 N.H. 320, 179 A. 414 ( 1935 ); *Fortuna* v. *Fortuna,* 103 N.H. 547, 176 A.2d 708 ( 1961 ); *see Pflug* v. *Pflug,* 92 N.H. 247, 29 A.2d 422 ( 1942 ); Annot., 1 A.L.R.3d 123, 138 ( 1965 ); *Strater* v. *Strater,* 159 Me. 508, 196 A.2d 94 ( 1963 ).

In the present case the defendant argues that the order trans-

ferring the husband's share of the equity in the home to the wife was an abuse of discretion. The award was not in itself an abuse of discretion. *Kibbee* v. *Kibbee*, 99 N.H. 215, 108 A.2d 46 ( 1954 ). The court here in making the award could properly have considered as relevant factors the fault of the husband, the length of time the parties had been married, the contributions of the wife both as homemaker and wage earner, the modesty of the family fortune, and the fact that the wife was required to maintain a home for the minor children. While there may have been other relevant factors bearing on the court's decision it is not argued that the court considered any nonrelevant factors in reaching its decision. The decree was supported by the evidence and within the court's discretion. *Collette* v. *Collette*, 108 N.H. 469, 238 A.2d 598 ( 1968 ); *Ballou* v. *Ballou*, 95 N.H. 105, 58 A.2d 311 ( 1948 ).

The order for support of the children is attacked largely on the claim that the son would soon be self-supporting. The order was in the same total amount as a prior temporary order entered by agreement of the parties, except that it divided the amount between wife and children. The order is open to reconsideration after the son becomes self-supporting, and any remedy thus available is in the superior court, not here.

*Remanded.*

All concurred.