Strafford
No. 6495

LUCILLE A. LABRIE

v.

PAUL J. LABRIE

May 31, 1973

*Fisher, Parsons, Moran & Temple (Mr. Harold D. Moran* orally) for the plaintiff.

*Coolidge & Cullinane (Mr. John F. Cullinane* orally) for the defendant.

Lampron, J. The libelee in the original divorce proceeding appeals from a Superior Court (*Flynn*, J.) order modifying certain terms of the decree relative to support payments. According to the parties' stipulations incorporated in the November 29, 1969 divorce decree, the libelee agreed to relinquish his interest in the marital residence and its furnishings and to pay thirty dollars per week toward the support of the minor children. There was no mention of support or alimony for the plaintiff at that time. After complying with this order for over a year, Mr. Labrie brought a petition for modification to terminate support payments for the children. In her answer to this petition libelant conceded that the children had become self-supporting, but requested a continuation of the support order "so that the libelant will continue to receive support, as she is . . . totally incapacitated . . . due to the fact that she . . . is a victim of muscular dystrophy." After a hearing the court modified its prior decree by releasing the libelee from any duty to support the parties' children and requiring him to pay eighteen dollars weekly support to the libelant. Defendant's exception to that portion of the modification requiring him to make support payments to his ex-wife were reserved and transferred to this court.

RSA 458:19 provides that "[u]pon a decree of . . . divorce, the court may restore to the wife all or any part of her estate, and may assign to her such part of the estate of her husband, or order him to pay such sum of money, as may be deemed just . . . ." To insure that alimony and support orders continue to reflect the relative needs and abilities of the parties the legislature provided for periodic reevaluations (RSA 458:19) and modification procedures (RSA 458:32).

Defendant would have this court undermine this policy by applying the doctrine of res judicata to all issues litigable in the original divorce decree. According to his line of reasoning the trial court's failure to include any allowance for the libelant's support in the divorce decree precludes any subsequent award for that purpose. This court has explicitly rejected this approach. *Veino v. Veino*, 96 N.H. 439, 78 A.2d 522 (1951); *Salta v. Salta*, 80 N.H. 218, 116 A. 438 (1921); *Cross v. Cross*, 63 N.H. 444 (1885); *Sheafe v. Laighton*, 36 N.H.

240 (1858). In the *Veino* decision we specifically held that "an order for alimony may be entered *after* the decree of divorce, *although the specific authority to make such an order 'upon' the decree was not exercised.*" *Veino v. Veino, supra* at 442, 78 A.2d at 524 (emphasis added); *accord,* Clark, Law of Domestic Relations § 14.4, at 433-34 (1968). Defendant has furnished us no persuasive reason for overturning these precedents.

As a second line of attack defendant argues that "insufficient evidence was presented to show a change in circumstances or in fact any basis for a support order" in favor of his ex-wife. We have traditionally accorded the trial court a wide discretion in setting and modifying support orders. *Douglas v. Douglas,* 109 N.H. 41, 242 A.2d 78 (1968); *Collette v. Collette,* 108 N.H. 469, 238 A.2d 598 (1968); *Fortuna v. Fortuna,* 103 N.H. 547, 176 A.2d 708 (1961); *Kibbee v. Kibbee,* 99 N.H. 215, 108 A.2d 46 (1954). All too often "the trial judge has the [unenviable] problem of dividing the meager loaves and fishes without the aid of a miracle." *Comer v. Comer,* 110 N.H. 505, 507, 272 A.2d 586, 587 (1970). In the original divorce proceeding the court approved substantial support payments for the minor children in the libelant's custody; on the petition for modification the court terminated the prior support order, but issued an order of support for the libelant. A reading of the record discloses that Mrs. Labrie was the victim of muscular dystrophy — "a hereditary disease characterized by progressive wasting of muscles." Webster's Third New Int'l Dictionary 1490 (1959). We take judicial notice of the fact that this affliction results in increasing disability. The increased expenses for health and personal care as well as the evidence of libelant's list of expenses provide sufficient justification for the modified support order. Evidence of the defendant's family income indicated that the amount of weekly support would not unduly burden him. *See Kennard v. Kennard,* 81 N.H. 509, 129 A. 725 (1925). The modified support order appears to be just as between the parties. *Payette v. Payette,* 85 N.H. 297, 157 A. 531 (1931).

*Exceptions overruled; judgment affirmed.*

All concurred.