Carroll
No. 7183

ELLAINE S. POPIK v. CHARLES T. POPIK

November 28, 1975

*James J. Kalled,* by brief and orally, for the plaintiff.

*Barrett & McNeill (Malcolm R. McNeill, Jr.,* orally) for the defendant.

KENISON, C.J. This case arises from the parties' divorce. The defendant excepts to the portions of the final decree which order him to pay $100 per week for support and to pay $3,500 representing a period of thirty-five weeks prior to the filing of the libel during which he made no payments to the plaintiff.

The following facts appear in the record: The defendant is a Navy officer. In February 1972 he was stationed in Hawaii and was about to be reassigned to Portsmouth, New Hampshire. The parties had experienced difficulties in their marriage, but it appears that the plaintiff had not definitely decided to seek a divorce when she and the parties' two minor sons moved from Hawaii to Wolfeboro in February. The defendant remained in Hawaii to complete his tour of duty there. The parties divided their assets in half so that the plaintiff brought $25,000 with her to purchase a home. From February through July 1972 the defendant sent the plaintiff approximately $700 each month. This was more than the plaintiff and the children required, and the plaintiff put the extra funds in her savings account. During this period the plaintiff borrowed $2,200 from her mother to purchase a car. The defendant promptly sent her this sum. In April 1972 the plaintiff purchased a lot in Wolfeboro for $6,600 from the funds which she had brought with her from Hawaii. At the end of June 1972 her counsel informed the defendant that the plaintiff would seek a divorce. A month later the defendant moved to his new station in Boston and stopped sending funds to the plaintiff. In October 1972 the plaintiff took a part-time job with a take-home pay of approximately $50 per week. She has continued such work to the present.

The plaintiff filed this libel for divorce in February 1973. At that time she had approximately $16,000 cash on hand and did not list any unpaid bills in her claim for support. In

March the Superior Court *(Johnson,* J.) entered a decree pursuant to stipulations which provided for weekly support payments of $100. In December 1973 a hearing was held before *Batchelder,* J., who granted a decree of divorce and directed the probation department to investigate the questions of custody, visitation, and support. Between March and December 1973 the plaintiff had committed all the funds she held to the construction of a house on the lot in Wolfeboro. In addition she mortgaged the property to secure funds to complete the home. The December decree awarded her sole ownership of this property.

The probation department filed its report in June 1974. A further hearing was held and stipulations filed in July. On September 1 the older son went to live with the defendant in accordance with the child's wishes and with the approval of the parties and the court. In its final decree of October 11, 1974, the Superior Court *(Batchelder,* J.) ordered the defendant to pay the plaintiff $100 per week for support and to pay $3,500 in cash and securities in lieu of support for the period of August 1972 through March 1973.

The defendant contends that his support payments should be reduced to $50 per week. The probation department recommended this reduction in accordance with its recommendation that custody of the older son be transferred from the plaintiff to the defendant. In support of his contention the defendant argues that the plaintiff is capable of earning more than her present job pays. The defendant earns approximately $20,000 a year. The trial judge has broad discretion in determining the amount of support to decree and he did not abuse his authority in entering the order for future support in the present case. *Comer v. Comer,* 110 N.H. 505, 272 A.2d 586 (1970); *Collette v. Collette,* 108 N.H. 469, 238 A.2d 598 (1968).

The defendant contends that the trial court improperly found that he had "failed to provide support to the Plaintiff for the minor children" during a thirty-five week period prior to the filing of the libel. Throughout this period the parties lived apart and the children stayed with the plaintiff. At all times the plaintiff had available to her at least $16,000 in cash from the family funds. She did not seek support for the children under RSA 458:31 or :35 (Supp. 1973). The defendant had a duty to support his wife and children during

the period of separation, notwithstanding the absence of a court order. *See Ford v. Ford,* 112 N.H. 270, 293 A.2d 605 (1972). The defendant did not breach this duty by not making payments, because the wife had ample resources available to her from the family funds. This is not to say that a spouse who has funds available may not seek support. *See Ott v. Hentall,* 70 N.H. 231, 47 A. 80 (1900); Annot., *Wife's Possession of Independent Means as Affecting Her Right to Child Support Pendente Lite,* 60 A.L.R.3d 832 (1974).

The plaintiff argues that the decree effectuates an agreed division of property between the parties. That is, the plaintiff did not receive the portion of the family assets allotted to her in February 1972 because she had been forced to resort to those funds for the maintenance and care of the children. The evidence does not show that the parties divided their property in February 1972 in contemplation of a divorce. The funds which the plaintiff brought with her were intended for a house for the entire family, an objective that had to be reconsidered when the plaintiff decided to seek a divorce. There is no indication in the findings or decrees that the court regarded the February 1972 arrangement as a division of the family estate or that the court was attempting to carry out such an agreement.

It was error to characterize the absence of payments during the period in question as a failure to provide support when the husband had provided in advance ample funds and when there was no evidence that the wife and children suffered deprivation, or that bills remain unpaid as a result of that action. *Cf.* H. Clark, Jr., Domestic Relations § 15.1, at 491; Annot., 69 A.L.R.2d 203 (1960). Therefore, that portion of the decree of October 11, 1974, which provides that certain securities valued at $1,195.42 are the sole property of the plaintiff and which directs the defendant to pay the plaintiff $2,304.58 is vacated. The effect of the decree was to make provision for the wife pursuant to RSA 458:19, Alimony. If the parties seek further proceedings, the issue should be considered in that context.

*Defendant's exceptions sustained in part and overruled in part; remanded.*

All concurred.