Merrimack
No. 7338

SHARON MARIE ECONOMIDES

v.

ERNEST ECONOMIDES

March 31, 1976

*Craig, Wenners, Craig & McDowell (Mr. Thomas E. Craig* orally) for the plaintiff.

*McSwiney, Jones & Semple (Mr. Carroll F. Jones* orally) for the defendant.

LAMPRON, J.  Appeal from the denial of the defendant's motion for rehearing and modification of an order of July 1, 1975, for support and alimony by which he was ordered to pay to the plaintiff the sum of $100 per week for her support and $70 per week for the support of their minor children. The basis for the motion was that the terms of the support order exceeded the defendant's ability to pay. The Superior Court *(Loughlin,* J.) reserved and transferred the defendant's exceptions.

Hearings on the merits of the divorce filed by the plaintiff were held before a Master *(Earl Dearborn,* Esq.) whose recommendations were approved by the court. Both parties filed numerous requests for findings of fact and the defendant filed several requests for rulings of law. The master found that the parties were married on January 30, 1965, and were the parents of two minor children age nine and three at the time of the decree. The master also found that the defendant owned the family homestead in Concord, as well as stock in a pizza restaurant located in Concord. The parties were found to be the joint owners of a lot of land at York Beach, Maine. The master's report recommended, in part, that a decree of divorce be granted to the plaintiff under RSA 458:7-a (Supp. 1975) (Irreconcilable differences); that the custody of the minor children be awarded to the plaintiff; that the family homestead be awarded to the plaintiff subject to outstanding encumbrances; that the York Beach, Maine property be sold and the net proceeds be divided equally between the parties; and that the defendant pay to the plaintiff $100 per week for her support and $70 per week for the support of the two minor children.

While this appeal was pending, the defendant was arrested and released on bond pursuant to a capias warrant filed by the plain-

tiff. A hearing was held on August 20, 1975, at which time the defendant was found in contempt and ordered to pay $1,000 on the arrearage of child support and alimony, and $100 toward the plaintiff's legal fees. The court also ordered a modification of the alimony and support orders, reducing from $100 to $75 the weekly payment for the plaintiff's support and from $70 to $60 the weekly payment for the support of the children. Notwithstanding the modification and reduction order, the defendant continues to profess an inability to pay the alimony and support obligations.

The issue presented is whether an order of support and alimony, issued in conjunction with a final decree of divorce, can be sustained in the absence of any findings as to the present income or earning capacity of the party ordered to pay. In resolving this question we are mindful of the continuity of decisional law allocating a broad discretion to the trial court in determining matters of property settlement, alimony, and divorce. *Twomey v. Twomey,* 116 N.H. 29, 33, 351 A.2d 66, 69 (1976); *Popik v. Popik,* 115 N.H. 668, 670, 348 A.2d 341, 342-43 (1975); *Labrie v. Labrie,* 113 N.H. 255, 257, 305 A.2d 687, 688 (1973); *Comer v. Comer,* 110 N.H. 505, 507, 272 A.2d 586, 587 (1970). Moreover, we are cognizant of the limitations and difficulties of appellate review in cases such as this where there is no transcript of the proceedings below. *See State v. Seeley,* 116 N.H. 57, 58, 357 A.2d 870, 871 (1976); *Timberlane Regional Educ. Assoc. v. Crompton,* 115 N.H. 616, 618, 347 A.2d 612, 613-14 (1975).

The defendant does not quarrel with the settled proposition that the party seeking a modification and reduction of a support order has the burden of showing that the order was "improper and unfair." *Collette v. Collette,* 108 N.H. 469, 470, 238 A.2d 598, 599 (1968). Rather, the defendant maintains that the master's decision to neither grant nor deny certain requests for findings of fact was fatal, and that as a result there is no evidentiary basis in the record to support the alimony and support order. *See Ballou v. Ballou,* 95 N.H. 105, 106, 58 A.2d 311, 312 (1948).

Among the requests for findings filed by the defendant was the following. "10. That the defendant produces an annual income of approximately $10,000." The master ruled that this request was neither granted nor denied. There were no other requests or findings by the master dealing specifically with the defendant's present income or earning capacity. The master did find, as the plaintiff requested, that "the defendant's tax returns indicate in-

come as follows for the years in question: 1973-$6,675.; 1972-$10,782.; 1971-$8,723." The master denied that part of the request which alleged that "the defendant did not report all of his income." Finally, the master granted plaintiff's request for a finding that "in the last year his [the defendant's] corporation has paid to the Federal Government $18,000.00 in past-due withholding taxes . . . ." However, the master denied, as a "conclusion," the last sentence of this request which asked for a finding that "[a]pparently, therefore, in the future this amount [$18,000.] would be available as income to the defendant."

Superior Court Rule 245, RSA 491: App. R. 245 (Supp. 1975) requires each of the parties in a contested marital hearing involving support and/or division of property to file a detailed affidavit of financial worth which includes a statement of the husband's and wife's "weekly-monthly net income." In the instant case we have only the findings and rulings of the master, together with any pertinent exhibits, to provide the evidentiary basis for a finding that the support order is within the bounds of reasonable judicial discretion. *Comer v. Comer,* 110 N.H. 505, 507, 272 A.2d 586, 587 (1970); *see Society for the Protection of N.H. Forests v. Site Evaluation Comm.,* 115 N.H. 163, 173, 337 A.2d 778, 786 (1975).

It has consistently been the policy of this court to reject invitations to restrict trial judges by mandating the use of fixed formulas and mechanical decisional techniques in cases involving questions of divorce, alimony and child support, and property division. "The rule remains that the trial court may consider all factors relevant to the decision . . . ." *Comer v. Comer,* 110 N.H. 505, 507, 272 A.2d 586, 587 (1970). Yet we have also recognized that "[i]n the vast majority of cases the trial judge has the problem of dividing the meager loaves and fishes without the aid of a miracle. In such cases the only relevant factor is how much can the husband pay toward the support of the wife and children." *Id.*

While the present income or earning capacity of the spouse ordered to pay may not always be the only factor or the determinative consideration, we think that it is of such vital importance that there must be evidence in the record or a finding of fact on this matter to support a decree awarding support to one of the spouses and/or the children. *See Calderwood v. Calderwood,* 114 N.H. 651, 653, 327 A.2d 704, 706 (1974); *Fortuna v. Fortuna,* 103 N.H. 547, 549, 176 A.2d 708, 710 (1961). This requirement has been part of our jurisprudence for many years. "A decree for alimony [or child support] is never passed unless an ability to

make the payment is shown. Such is the rule in this State; and the evidence in regard to the income and property of the party against whom the decree is sought, should be as clear and satisfactory as the circumstances will permit." *Kennard v. Kennard,* 87 N.H. 320, 328, 179 A. 414, 420 (1935), *quoting Sheafe v. Sheafe,* 36 N.H. 155, 157 (1858); *see* H. Clark, Law of Domestic Relations §§ 14.5(2), at 443-44, 15.1 at 496-98 (1968); Annot., *Permanent Alimony-Excessiveness,* 1 A.L.R.3d 6, §§ 10(c), 14, 15 (1965); Annot., *Divorce-Alimony-Earning Capacity,* 139 A.L.R. 207, § II-A (1942 & Later Case Service).

Since neither the master's report nor his rulings on the requests of the parties reveal the basic facts from which his ultimate conclusions were drawn, we are not in a position to pass on the validity of the order for support and alimony. K. Davis, Administrative Law Text §§ 16.01-.08 (3d ed. 1972). The case must, therefore, be remanded for further consideration.

*Remanded.*

All concurred.