Rockingham
No. 7359

### Virginia T. Murphy

v.

### John J. Murphy

November 30, 1976

*Shaw & Robertson (Mr. Robert Shaw* orally) for the plaintiff.

*Cogswell & Laraba (Mr. Peter Laraba* orally), of Massachusetts, for the defendant.

Griffith, J.    Plaintiff brought a libel for divorce and defendant filed a cross-libel. Divorce was decreed to the defendant on his cross-libel with a decree of property division and alimony. Plaintiff's exceptions were reserved and transferred by *Perkins,* J.

Both the libel and the cross-libel alleged irreconcilable differences, RSA 458:7-a (Supp. 1975), as the cause for the divorce. At

the hearing, before a Master *(John Tateosian,* Esq.) both parties agreed there was no dispute that there was an irremediable breakdown in the marriage. However, the plaintiff attempted to introduce evidence of the misconduct of the defendant leading to the breakdown of the marriage. Defendant's objection to such testimony was sustained by the master subject to the plaintiff's exception. Plaintiff's counsel then moved to amend her libel to include an additional cause of treatment injurious to her health. This motion was denied by the master and the plaintiff elected to take a voluntary dismissal of her libel. The defendant was permitted to proceed on his cross-libel and the master's recommended decree was approved and adopted by the Trial Court *(Cann,* J.).

The plaintiff's exceptions essentially raise two issues: first, whether the master was in error in excluding evidence of defendant's misconduct where the alleged cause for divorce was irreconcilable differences; second, whether the master's recommended decree of property division and alimony was supported by the evidence.

Plaintiff's counsel urged before the master and in his brief and argument here that evidence of defendant's misconduct should have been received as relevant to the determination of property division and alimony award. Prior to the adoption of RSA 458:7-a (Supp. 1975) in 1971, fault was a recognized factor under our decisions to be considered in determining property division and support payments. *Comer v. Comer,* 110 N.H. 505, 508, 272 A.2d 586, 587 (1970). Unlike some States *(see, e.g.,* M.G.L.A. c. 208, § 1A and § 34 (Supp.); Cal. Civ. Code §§ 4506, 4509, 4800, 4801; *In re Rosan,* 24 Cal. App. 3d 885, 892, 101 Cal. Rptr. 295, 300 (1972)), New Hampshire in adopting "no fault" divorce has not prohibited by statute in all cases fault as a factor to be considered in determining property division and support payments.

However, RSA 458:7-a (Supp. 1975) does provide that "In any pleading or hearing of a libel for divorce under this section, allegations or evidence of specific acts of misconduct shall be improper and inadmissible, except where child custody is in issue . . . or . . . where it is determined by the court to be necessary to establish the existence of irreconcilable differences." We have stated that the intent of this statute is to "minimize the acrimony attending divorce proceedings." *(Desrochers v. Desrochers,* 115 N.H. 591, 594, 347 A.2d 150, 153 (1975). This intent could be defeated by allowing fault evidence in respect to alimony. *In re Marriage of*

*Williams,* 199 N.W.2d 339, 345 (Iowa 1972); *see* Comment, *Kentucky No Fault Divorce: Theory and the Practical Experience,* 13 J. Fam. L. 567, 575 (1973-74). Accordingly, we hold that in a divorce under RSA 458:7-a (Supp. 1975) the trier of fact may properly in his discretion exclude evidence of fault on the issue of alimony. *See Kennard v. Kennard,* 87 N.H. 320, 327, 179 A. 414, 419 (1935).

The master's report adopted by the trial court recommended a decree providing that the real estate and personal property of the parties be sold and after payment of all encumbrances and debts of the parties the net proceeds be divided equally between the plaintiff and defendant. The automobile in plaintiff's possession was decreed to her, free and clear of encumbrances. The defendant was ordered to pay $25 per week to the plaintiff.

The plaintiff and the defendant were married May 25, 1950. A son and daughter born of the marriage are now self-supporting and they have two grandchildren. They own a home in Atkinson, New Hampshire, which the plaintiff estimated had a value of $35,000. The defendant estimated the value of the furniture in the home at $5,000. The defendant was living in an apartment in Salem, New Hampshire, and the plaintiff in their home at the time of the hearing. The balance of the mortgage on the house was about $18,000 and there was approximately $2,000 owed on the automobile in the plaintiff's possession. The remaining debts amount to approximately $7,800. The plaintiff is a nurse and is employed parttime with annual earnings of some $5,000 per year. The defendant is employed as a vice-president of the Haverhill National Bank in Haverhill, Massachusetts, with a salary of approximately $20,000 per year. The defendant had paid by agreement $100 per week to the plaintiff as temporary support but testified that he had difficulty in paying this amount.

At the time of the hearing, the plaintiff was fifty years old. She testified that she had had eight major surgeries including the removal of a gall bladder in 1974. She suffers from bouts of phlebitis and is under medication for a congenital kidney ailment. Her testimony that her poor health which is "progressively getting worse," prevents her from working more than two or three days a week was not contested.

"It has consistently been the policy of this court to reject invitations to restrict trial judges by mandating the use of fixed formulas and mechanical decisional techniques in cases involving questions of divorce, alimony and child support, and property di-

vision." *Economides v. Economides,* 116 N.H. 191, 357 A.2d 871, 873 (1976). The property division in this case will, if the property can be disposed of at its estimated value, apparently provide about $6,000 to each of the parties. We are not prepared to hold that the master abused his discretion in not awarding the house and furniture to the plaintiff in this case.

However, the alimony order in this case was not merely "paltry and penurious" *(Ford v. Ford,* 112 N.H. 270, 272, 293 A.2d 605, 607 (1972)) but in our opinion unwarranted by the evidence. It is essential that the amount of alimony awarded be sufficient to cover the wife's needs, within the limits of the husband's ability to pay. *Fortuna v. Fortuna,* 103 N.H. 547, 549, 176 A.2d 708, 710 (1961); Clark, *Divorce Policy and Divorce Reform,* 42 U. Colo. L.R. 403, 410 (1971). The wife's needs are not, however, limited to the barest necessities. Annot., 1 A.L.R.3d 123, 151 (1965). The award should also take into account "the standard of living established during her marriage and the financial status of both plaintiff and defendant." *Madsen v. Madsen,* 109 N.H. 457, 460, 255 A.2d 604, 605 (1969). Considering the length of the marriage, the contributions of the plaintiff to the marriage, the property division including payment of all debts of the parties, the health and restricted earning ability of the plaintiff, together with the salary and earning ability of the husband the award of $25 per week was an abuse of discretion unwarranted by the evidence.

While the transcript of the evidence does not justify the meager order in this case, we do not have before us the detailed affidavits of financial worth, income and expenses filed by the parties in accordance with Superior Court Rule 245, RSA 491:App. R. 245 (Supp. 1975). The case is therefore remanded to the trial court for reconsideration of the alimony order in the light of this opinion. *Economides v. Economides,* 116 N.H. 191, 357 A.2d 871 (1976); *see Madsen v. Madsen,* 109 N.H. 457, 255 A.2d 604 (1969). Although we sustained the decree on property division, the trial court on the remand may wish to reconsider that portion of the order that requires sale of the household furniture. We take judicial notice of the fact that furniture generally has greater value in kind to the parties than as second-hand furniture in the marketplace.

*Plaintiff's exceptions sustained in part; remanded.*

BOIS, J., did not sit; the others concurred.