Strafford
No. 7507

JOAN L. ADAMS

v.

JOHN R. ADAMS

January 31, 1977

*Gerald F. Giles*, of Portsmouth, by brief and orally, for the plaintiff.

*Fisher, Parsons, Moran & Temple*, of Dover, and *Ronald B. Willoughby* (*Mr. Willoughby* orally) for the defendant.

PER CURIAM. The question in this divorce case is whether the Trial Court (*Mullavey, J.*) abused its discretion with respect to the distribution of property and support.

After a hearing with no stenographic record and with no requests for findings having been made by defendant, the trial court decreed a divorce on the grounds of irreconcilable differences resulting in an irremediable breakdown of the marriage. Custody of a child was decreed to the plaintiff and defendant was ordered to pay $35 per week for support of the child. Defendant was also

ordered to maintain an existing government life insurance policy with the child as beneficiary. Certain funds in possession of an attorney were ordered deposited in the name of the plaintiff in trust for the child with withdrawals confined to those approved by the court.

Real estate consisting of thirty-four acres of land in Milton valued at $13,600 was deemed the sole property of defendant, but it was ordered that upon sale either in whole or in part "the plaintiff shall be paid 25% of the gross proceeds."

Unlike *Economides v. Economides*, 116 N.H. 191, 357 A.2d 871 (1976), the defendant here made no requests for findings. He is therefore in no position to complain that the court made none. Defendant has the burden of showing that the orders were "improper and unfair". *Id.* at 193, 357 A.2d at 872. In the absence of a transcript, it is usual to presume that the evidence supports the action by the court. *State v. Seeley*, 116 N.H. 57, 357 A.2d 870 (1976).

In addition, however, in this case the affidavits show an estimated income of $35 per week for the defendant plus $64 per month on a second mortgage. It appears that defendant's living expenses are provided by his mother and that after the temporary order he went to Florida and returned for the hearing on the merits. It also may be that the trial court had evidence that defendant was capable of earning more than he was in fact earning. We cannot say that the court abused its discretion with regard to the support order.

Nor can we say that the division of property was unfair. The $10,000 trusteeship for the benefit of the child was not unreasonable considering that the age of the child was four years and the age of the defendant fifty, and the uncertainty of other sources of support. Nor was it unreasonable to require him to pay over to the plaintiff one-fourth of the gross proceeds of the land to the plaintiff who must provide a home for the child and who received no other alimony.

*Exceptions overruled.*