Hillsborough
No. 7673

LENA A. HEALEY

v.

EVERETT F. HEALEY

July 25, 1977

Craig, Wenners, Craig & McDowell (Mr. Joseph F. McDowell, III orally), for Lena A. Healey.

Hanrahan & Flynn and Joseph M. Wisniewski, Jr. (Mr. John W. Hanrahan orally), for Everett F. Healey.

LAMPRON, J. The question presented is whether the trial court abused its discretion in renewing an order for alimony which had expired by force of RSA 458:19. A hearing was held before a Master (Peter J. Bourque, Esq.) and by court order dated March 23, 1976, Everett Healey was ordered to continue alimony payments in the amount of $45 per month. In the course of the hearing, defendant objected and excepted to certain rulings of the master. Defendant also moved to have the court's decree set aside and for a rehearing. Subject to defendant's exceptions these motions were denied by the Court (Loughlin, J.), as was defendant's motion for a stay of the order pending appeal. All questions of law raised by the foregoing exceptions were reserved and transferred by Loughlin, J.

On August 4, 1970, after approximately twenty-seven years of marriage, plaintiff was granted a divorce from defendant on the grounds of treatment such as to seriously injure her health. RSA 458:7 V. By stipulation entered into by the parties and incorporated into the court's decree, defendant agreed to make payments

to plaintiff in the amount of $108 per month. In 1972 defendant petitioned for revocation of alimony on the grounds that their youngest child, custody of whom had been granted to plaintiff, had reached the age of majority, and that defendant was undergoing financial hardship. For the year 1972 defendant showed earnings of only $4,000. On October 31, 1972, following a hearing, defendant's monthly payments to plaintiff were reduced to $75 per month. Defendant continued to make payments in this amount until the order expired at the end of October 1975. RSA 458:19. Thereafter plaintiff filed this motion for renewal of alimony payments.

At the hearing on her motion plaintiff testified and presented evidence of her current income and expenses. Defendant also testified and introduced evidence of his expenses and of his income for the years since 1972. Plaintiff now works full-time as a clerk or bookkeeper, with earnings of approximately $6,200 for the years 1974 and 1975. Under the terms of the divorce decree, plaintiff received the marital residence, free and clear of any mortgage. She also owns a 1973 Plymouth Fury automobile, free of any liens. She testified that she has no pension or retirement plan, and that her savings amounted to $500.

Defendant testified that since 1972, when his income was $4,000 and when his alimony payments were reduced from $108 per month to $75 per month, his income has increased to over $11,000 for 1975. Defendant remarried in 1974. His current wife does not have any regular employment, but does have some rental income from an apartment and a cottage. Defendant's savings of $1,500 were set aside for the purchase of a new vehicle to replace his 1967 pickup truck. According to his support affidavit filed with the court, defendant's monthly income exceeded his monthly expenses by approximately two dollars.

 Defendant argues that because his former wife has established her own source of income he should no longer be required to provide her with any alimony. He contends that plaintiff should now be required to adjust her life-style to fit within the means which she can provide for herself. In commenting upon the provisions of RSA 458:19, this court has stated that no doubt "the legislature considered that in many cases of childless marriages terminating in divorce a period of three or six years will suffice to enable a wife to establish her own source of income, so that an allowance from her former husband should reasonably be dis-

continued." *Madsen v. Madsen,* 111 N.H. 315, 316, 282 A.2d 667, 668 (1971). However, justice may often require that alimony orders be renewed after three or six years. *Id.* In such circumstances the primary purpose of the three-year provision in RSA 458:19 is "to provide a periodic review of the needs and resources of the parties." *Calderwood v. Calderwood,* 112 N.H. 355, 358, 296 A.2d 910, 912 (1972). In determining whether justice requires a renewal of alimony and in what amount, the trial court must consider all of the circumstances of the parties. *Morphy v. Morphy,* 114 N.H. 86, 88, 315 A.2d 631, 632 (1974).

In addition to the needs and current financial status of the parties, the circumstances to be considered include also the standard of living enjoyed by plaintiff at the time of the divorce, *Murphy v. Murphy,* 116 N.H. 672, 675, 366 A.2d 479, 482 (1976); *Calderwood v. Calderwood,* 114 N.H. 651, 653, 327 A.2d 704, 706 (1974), as well as the prior alimony orders in the amounts of $108 and $75 per month. *Morphy v. Morphy supra; Taylor v. Taylor,* 108 N.H. 193, 230 A.2d 737 (1967). Plaintiff is not necessarily required to adjust her standard of living to fit the income which she can earn for herself. Although plaintiff had worked part-time for a number of years prior to the divorce, the trial court could also consider the fact that during the years of her marriage, plaintiff had spent time way from the labor market while raising the parties' children. The trial court could consider that consequently, as an older and relatively unskilled worker in the labor market, her earning capabilities are necessarily limited. *Murphy v. Murphy supra.* Although the income level of the parties at the time of the divorce is not clear in the record, defendant at that time agreed to pay plaintiff alimony in the amount of $108 per month. Even when defendant underwent financial setbacks, the reduced alimony payments of $75 per month were larger than the current award of $45 per month from which defendant appeals.

Defendant asserts that he should not be required to pay any amount of alimony greater than what he claims to be plaintiff's actual monthly deficiency. In her support affidavit filed with the court plaintiff claimed monthly expenses in the amount of $527 and disposable monthly income in the amount of $307.88. Counsel for defendant vigorously cross-examined plaintiff regarding the accuracy of these figures. Plaintiff did admit to some errors which had resulted in an overstatement of expenses and an under-

statement of income on the affidavit. According to defendant's calculations, plaintiff's monthly expenses should have been stated as $419.27, and her monthly income as $402.23, leaving her a deficiency of $17.04 per month. Defendant also questions whether there is any deficiency on the grounds that plaintiff's remaining expense items may also be inaccurately overstated. However, a wife's needs are not limited to the barest necessities. *Murphy v. Murphy,* 116 N.H. 672, 675, 366 A.2d 479, 482 (1976).

The credibility of plaintiff and the accuracy of her expense and income figures are questions to be resolved by the trial court. *Dubreuil v. Dubreuil,* 93 N.H. 14, 15, 34 A.2d 305, 306 (1943); *Ballou v. Ballou,* 95 N.H. 105, 58 A.2d 311 (1948). The trial court has broad discretion to determine whether justice required a renewal of alimony and in what amount. *Taylor v. Taylor,* 108 N.H. 193, 230 A.2d 737 (1967). Unless a review of the evidence clearly shows the trial court's decision to be an abuse of discretion, the decision will not be set aside on appeal. *Morphy v. Morphy,* 114 N.H. 86, 88, 315 A.2d 631, 633 (1974). Nothing appears in the record which would indicate that the trial court misapplied the burden of proof or failed to consider all the relevant circumstances, and we cannot say it clearly abused its discretion in ordering a renewal of alimony payments of $45 per month.

*Defendant's exceptions overruled.*

BOIS, J., did not sit; the others concurred.