# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0040, <u>M.N. v. B.N.</u>, the court on June 17, 2022, issued the following order:**

Having considered the defendant's brief and the record submitted on appeal, we conclude that oral argument is unnecessary in this case.  See Sup. Ct. R. 18(1).  The defendant appeals an order of the Circuit Court (<u>Boyle</u>, R., approved by <u>Luneau</u>, J.) granting a domestic violence final order of protection in favor of the plaintiff.  See RSA 173-B:5 (Supp. 2021).  The defendant argues that the trial court erred by not continuing the case until a related criminal case is resolved because: (1) the plaintiff was already protected by protective orders issued in the criminal case; and (2) the present case constituted an improper "end-run around a valid custody arrangement" with respect to the parties' child.  The defendant further argues that the trial court engaged in plain error, <u>see</u> Sup. Ct. R. 16-A, by granting the plaintiff exclusive possession of the parties' residence because the defendant and the defendant's mother own the property, the plaintiff has no ownership interest in it, and the plaintiff did not disclose who owns it.  We affirm.

To be entitled to a domestic violence final order of protection, the plaintiff must establish, by a preponderance of evidence, that the defendant engaged in "abuse."  RSA 173-B:5, I.  "Abuse" means the commission or attempted commission of one or more enumerated crimes by a family or household member or a current or former sexual or intimate partner when such conduct "constitute[s] a credible present threat" to the plaintiff's safety.  RSA 173-B:1, I; <u>see</u> <u>S.C. v. G.C.</u>, 175 N.H. ___, ___ (May 11, 2022) (slip op. at 4).  The trial court "may consider evidence of such acts, regardless of their proximity in time to the filing of the petition, which, in combination with recent conduct, reflects an ongoing pattern of behavior which reasonably causes or has caused the [plaintiff] to fear for his or her safety or well-being."  RSA 173-B:1, I.  Upon proof of abuse, the trial court must "grant such relief as is necessary to bring about a cessation of abuse," RSA 173-B:5, I, and may "[g]rant the plaintiff the exclusive use and possession of the premises and curtilage of the plaintiff's place of residence, unless the defendant exclusively owns or leases and pays for the premises and . . . has no legal duty to support the plaintiff or minor children on the premises," RSA 173-B:5, I(b)(1).

It is a longstanding rule that parties may not have appellate review of issues that they did not raise in the trial court.  <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004).  It is the defendant's burden, as the appealing party, to provide so much of the record as is necessary to decide the issues raised on

appeal, and to demonstrate that the defendant raised those issues in the trial court. Id. Absent a transcript, we assume that the evidence was sufficient to support the trial court's findings. Id. We likewise generally assume that the trial court made all findings necessary to support its decision. See Nordic Inn Condo. Owners' Assoc. v. Ventullo, 151 N.H. 571, 586 (2004).

In this case, the defendant has not provided a transcript of the hearing on the merits of the plaintiff's petition, and neither the trial court's order nor any of the documents in the appendix reflect that any of the issues that the defendant is now raising were brought to the attention of the trial court. The record on appeal does not reflect, for instance, that the defendant brought the criminal protective orders to the trial court's attention, requested a continuance pending resolution of the criminal case, argued that the plaintiff was improperly using the petition to obtain custody of the child, or argued that the plaintiff was not entitled to possess the residence. Nor does the record reflect that the defendant brought the ownership status with respect to the residence to the trial court's attention. Accordingly, we would reverse the trial court in this case only if any of the issues raised on appeal amounted to a plain error affecting the defendant's substantial rights. Sup. Ct. R. 16-A.

We invoke plain error sparingly, limiting its application to those cases in which a miscarriage of justice would otherwise result. 101 Ocean Blvd., LLC v. Foy Ins. Grp., Inc., 174 N.H. 130, 138 (2021). To establish plain error, the defendant must demonstrate that: (1) there was an error; (2) the error was plain; (3) the error affected substantial rights; and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings.

The defendant cites no authority standing for the proposition that a trial court must continue a proceeding on a petition for a domestic violence protective order if there is a related criminal case, or if the plaintiff is otherwise protected by protective orders issued in the criminal case. Indeed, we have expressly recognized that there is no constitutional right to stay a domestic violence protective order proceeding pending resolution of a related criminal case, and that continuing the domestic violence protective order case in favor of the related criminal case would "contravene[] the high priority that the legislature has placed upon avoiding delay in domestic violence cases." Achille v. Achille, 167 N.H. 706, 714 (2015). Under these circumstances, even if the facts of this case, such as the existence of protective orders in the criminal case or the benefit that the plaintiff allegedly received with respect to a custody dispute, distinguish it from Achille, we could not conclude that any error of the trial court in not continuing the case was "plain." See Aranosian Oil Co. v. State of N.H., 168 N.H. 322, 331 (2015) (stating that, by definition, an alleged error on a question of first impression cannot be "plain").

2

Nor has the defendant cited any legal authority prohibiting the trial court from granting a plaintiff exclusive possession of residential property in which the plaintiff has no ownership interest. To the contrary, under RSA 173-B:5, I(b)(1), the trial court may grant a plaintiff exclusive use and possession of residential property, regardless of who has title to it, unless the defendant "exclusively owns or leases and pays for the premises <u>and . . . has no legal duty to support the plaintiff or minor children on the premises</u>." (Emphasis added.) Here, the record unequivocally reflects that the parties are married and have a minor child over whom the plaintiff has custody. Under these circumstances, and absent a transcript of the final hearing, we must assume that the evidence supports a finding that the defendant had legal duties to support the plaintiff and the child, and thus, supports the trial court's decision to award exclusive use of the premises to the plaintiff. <u>See</u> <u>Bean</u>, 151 N.H. at 250; <u>see also</u> RSA 546-A:2 (2021) (providing that "[e]very person whose income or other resources are more than sufficient to provide for his or her reasonable subsistence . . . has a duty to support or contribute to the support of . . . his or her wife, husband, or child under the age of 18"); <u>S. N.H. Med. Ctr. v. Hayes</u>, 159 N.H. 711, 716-19 (2010) (discussing common law doctrine of necessaries); <u>Popik v. Popik</u>, 115 N.H. 668, 670-71 (1975) (stating that husband had legal duty to support his wife and children during period of separation regardless of whether the trial court had issued support orders). Accordingly, the defendant has not established that the trial court erred, plainly or otherwise, by awarding exclusive possession of the residential premises to the plaintiff.[1]

<u>Affirmed</u>.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

---

[1] We emphasize that nothing in the trial court's order affects anyone's title to the property. <u>See</u> RSA 173-B:5, IV (providing that no order issued under RSA 173-B:5 "shall supersede or affect . . . title to real or personal property").

3